RIDGELY, Appellant, v. STILLWELL, Respondent.

1. Although rent reserved be payable monthly, yet, if the letting be general and without limitation as to time, it will be a tenancy from year to year, and a month's notice to quit will not terminate the tenancy.

*Appeal from St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.

*Knox & Kellogg*, for appellant.

I. The evidence tended to show a tenancy from month to month. Defendant was entitled to only a month's notice to quit. The notice given was sufficient. Even if defendant had been a tenant at will the notice was sufficient. (R. C. 1855, p. 1012 ; 1 Pick. 43 ; 2 Pick. 70 ; 17 Mass. 282 ; 16 Mass. 1 ; 7 Cush. 346 ; 31 Maine, 212 ; 12 Ill. 470 ; 13 Metc. 275 ; 5 Porter, 523.) The old common law notice of six months to be served on a tenant from year to year was not intended for a case like the present, but for the protection of tenants cultivating the soil. In the present case the court should have submitted the question as to the nature of the tenancy to the jury.

*Krum & Harding*, for respondent.

I. As the tenancy of the defendant, as shown by the testimony, was from year to year, he was entitled to six months' notice to quit before his tenancy could be terminated. Neither of the notices offered in evidence were sufficient ; consequently there was no holding over by the defendant. (Murray v. Armstrong, 11 Mo. 209.)

NAPTON, Judge, delivered the opinion of the court.

This was an action for unlawful detainer. From the evidence it appeared that the defendant went into possession of the premises in March, 1851, and had been in possession up to the commencement of the suit in 1856, and that the rent reserved was payable monthly. There was no written lease, although at the beginning of the tenancy there had been some talk of a lease for three or four years. A month's notice to quit was given; and the only question in the case is, whether that notice was sufficient—or, in other words, whether this tenancy was one from year to year, or at will, or from month to month.

We think the land court was right in holding this a tenancy from year to year. A general letting, without any limitation as to time—although the payment of the rent may be semi-annually, or quarterly, or monthly—is in construction of law a letting from year to year. This is fairly inferable from the opinions of the judges in the case of Richardson v. Langridge, 4 Taunt. 131. A tenancy at will must be created by express contract; for if the terms are indefinite, and do not necessarily imply such a tenancy, the courts will construe the tenancy to be one from year to year. So, a tenancy from month to month, or for any aliquot part of a year, may be created by express contract, or perhaps be implied from circumstances; but the circumstance that rent is payable monthly, or quarter-yearly, or yearly, or half-yearly, does not show that the holding is not yearly. In the absence of any other proof, the legal presumption remains that the tenancy is a yearly one. The cases cited from Massachusetts are decisions upon their statutes, which have materially modified the common law and are totally different from our acts on this subject.

The judgment is affirmed, the other judges concurring.