JULIA A. McCRACKEN and WILLIAM, her Husband, Respondents, v. ALONZO SWARTZ, Appellant.

Scire Facias.—What is necessary to be set out in the declaration or verified motion in a proceeding in the nature of *scire facias*.

Appeal from Marion County.

The facts are stated in the opinion of the Court.

*Mallory & Shaw,* for Appellant.

*Boise & Willis,* for Respondent.

By the Court, McArthur, J.:

This is a proceeding in the nature of *scire facias.* The verified motion, which, under the Code, takes the place and answers the purpose of a declaration, sets forth that on March 18, 1867, a decree was rendered by the Circuit Court for Marion County in favor of Julia A Swartz and against Alonzo Swartz, for the sum of one hundred dollars per annum from the date of said decree, to be paid to said Julia A., as alimony for her support and that of her family; that there fell due March 18, 1868, the sum of one hundred dollars, and on March 18 of each succeeding year a like sum; the amount due at the filing of said motion being five hundred dollars and interest; that no payment has ever been made on said decree, and no execution has ever been issued to enforce the payment of any part thereof; that since the rendition of said decree, and on December 24, 1869, said Julia A. intermarried with William McCracken, and they are now husband and wife.

The answer denies the rendition of the decree; denies that there fell due on said pretended decree the sums stated in the verified motion; denies that there is now due Julia A. the sum of five hundred dollars as alleged, or otherwise; and further, the answer alleges that when the original suit was instituted, the defendant was without the State, and that he did not return until long after the rendition of the pretended decree; that he never appeared, either in person or by attorney, and was never personally served with summons; that no sufficient showing was ever made to give the court jurisdiction to order publication of summons; that no such summons as was by law required was ever made in said suit and served on the defendant, by publication or otherwise; that the said pretended decree was obtained without notice to defendant and by fraud on the part of the plaintiff, and that when said pretended decree was entered,

the court had not acquired jurisdiction of the person of defendant.

The reply puts in issue all the allegations constituting the further answer or defense, and avers that by the original decree the bonds of matrimony which had existed between Julia A. and Alonzo Swartz were dissolved, and the sum specified was the alimony granted by the court. That the defendant recognized the validity of the decree, and, since its rendition, has intermarried, and that by reason thereof he is estopped to deny the validity thereof.

The answer of the defendant is in effect the plea *nul tiel record,* which, with that of payment, release or discharge, constitute all the pleas that can be interposed to a declaration, or a writ of *scire facias.* By the defendant's demurrer, the overruling of which is assigned as error, the sufficiency of the verified motion is attacked. In this proceeding all that was necessary for the moving party to set forth in his verified motion was such a state of facts as showed that a judgment had been rendered by the same court, at a certain time, by which it was adjudged that one party should pay the other a certain sum of money. It is not essential, nor is it proper practice, to set out the record of the proceedings in the parent cause, or rather the original suit, that have passed *in rem judicatem.* Appellant charges that the decree herein is void, for the reason that the court had not jurisdiction. This was one of the questions necessarily submitted to the court below, for upon the fact of jurisdiction in the original suit turned the fact of the indebtedness of the defendant, and the order adjudging that execution issue on the decree settles the question in favor of the jurisdiction. The rule in relation to the presumption of jurisdiction, as laid down in *Grignon's Lessees* v. *Astor* (2 How. U. S. 340), and in *Hahn* v. *Kelly* (34 Cal. 408), applies with much force to the case in hand. The original decree is not before us, and we are bound to presume that an inspection thereof by the court below disclosed all the facts necessary to give the court jurisdiction at the time the original decree was entered, and also to entertain the proceeding to obtain an execution at the time when the same

was sought. As has been stated, the defense was that of *nul tiel record*, and this plea was determined by. the court from an inspection of the record; and that record not being here for our inspection, and the presumption being in favor of the court below, we have no other course but to affirm the order.

In the argument it was said that an affirmance of the order would be absolutely unjust, for the reason that it would be in effect obliging Swartz to contribute toward the mainte- nance of another man's wife. True, this is unfortunately the case, but the fault rests with Swartz alone. Upon the mar- riage of his divorced wife it was his duty to go before the court which decreed the divorce, and procure a modification of that part of the decree granting her alimony. Had he made the application at the proper time, and to the proper tribunal, he doubtless would have obtained adequate relief.

Decree affirmed.