R. WILLIAMS, APPELLANT, *v.* H. ACKERMAN, RE-
SPONDENT.

8   405
18   160
22*  600

PAROL LEASE FOR MORE THAN ONE YEAR.—Where A. leases of W. a store
under a verbal lease for three years, and enters into possession and pays
rent, such tenancy becomes a tenancy from year to year, and can only be
determined by notice from one party to the other.

APPEAL from Multnomah County.

The respondent (Ackerman) occupied the north half of
lot number two in block number one, Portland, under a
parol lease from appellant Williams, for the term of three
years.   The original lease was made December 1, 1876, with
the firm of Ackerman & Co.   Respondent was the successor
of the said firm, occupying the premises under the same lease
from January 1, 1877.   A written lease had been prepared
and presented to and retained by the lessees, but never ex-
ecuted, though they took possession by virtue thereof.   Re-
spondent so occupied said premises until February 6, 1878,
with the consent of appellant, and paid appellant the rent
up to that time.   On that day respondent abandoned the
premises and sent the key to appellant, who refused to re-
ceive it, and it remained in possession of respondent until
the twenty-second day of March, 1878, when appellant pro-
posed to receive the premises from that day, and the re-
spondent, without remark, delivered the key to appellant.
The monthly rental was one hundred dollars.   No notice,
either verbal or written, had been given by either party to
the other.   The action was commenced by appellant in the
county court for the rent accruing from February 6 to
March 22, in which court the appellant recovered judgment
for the sum of one hundred and fifty-eight dollars and
thirty-three cents.

The respondent appealed from this judgment to the circuit
court.   The latter court, the judge having heard the case
upon a written stipulation and without the intervention of a
jury, found for respondent.   From that decision this appeal
is taken.

*Claude Thayer,* for appellant.

*Whalley & Fechheimer, H. Ach, and James Gleason,* for respondent.

By the Court, BOISE, J.:

From this statement of facts it appears that Ackerman & Co. entered the premises in question under a parol agreement to lease the same for three years, and being so in possession delivered the possession to the defendant, who became their successor under the same right. We think that under the authority of *Garret* v. *Clark,* this became a tenancy from year to year, and could only be determined by notice by one party to the other. The rule is fully stated in that case, and we feel constrained to adhere to it as settling an important principle concerning such tenures, and we are not at liberty to change this rule at this time, unless we should find very cogent reasons for so doing, and we think no such reasons exist. We therefore refer to the opinion of Judge Shattuck, in that case, for a full statement of the reasons on which the rule was established. (5 Or. 64.)

The judgment of the circuit court will be reversed and judgment given for the plaintiff on this agreed statement of facts.