# CASES DETERMINED

## January Term, 1884.

---

Brown, Executrix, etc., vs. Kayser and others.

*February 5 — February 19, 1884.*

TENANCY FROM YEAR TO YEAR. *(1) How created and terminated. (2) Acceptance of rent from tenant holding over. (3) Statute of frauds.*

1. Under sec. 2187, R. S., as at common law, if a tenant for a year or more at a stipulated annual rent holds over after the expiration of his term, with the assent of the landlord, he becomes a tenant from year to year; and such tenancy can be terminated against his will only by six months' notice ending with the current·year. Sec. 2183, R. S., providing that a tenancy at will or by sufferance may be terminated by one month's notice, is not applicable to a tenancy from year to year.

2. The acceptance of rent at the rate specified in the lease, from a tenant so holding over, will be deemed an election by the landlord that the tenancy shall be from year to year.

3. A tenancy from year to year is not for a term exceeding one year, within the meaning of the statute of frauds. R. S., secs. 2302, 2304, 2307, subd. 1.

APPEAL from the Circuit Court for *Dane* County.

The case is thus stated by Mr. Justice CASSODAY:

"This is an action for possession of the premises in question, against tenants holding over after the expiration of their lease.

"September 1, 1876, the plaintiff's testator by a lease in writing rented the premises to *Kayser* and *Hermann* for the

term of five years from that date, for an annual rent of $1,100 per year, payable in advance in instalments of $275 on the first days of March, June, September, and December of each year. The lease contained a stipulation to the effect that the lessees would, at the expiration of the term, yield and give peaceable possession to the lessor, or his legal representatives or assigns. November 12, 1879, the testator died, leaving a will which was admitted to probate. The plaintiff was named therein as executrix, and was afterwards appointed and qualified as such. September 1, 1880, the lease was modified by agreement of the parties, so that the rent should thereafter be paid at the rate of $1,000 per annum, instead of $1,100, and the payment thereof to be monthly in advance instead of quarterly; and since that time, to and including the month of August, 1882, the rent had been paid and received according to the terms of the lease as modified. November 3, 1880, the defendant *Hermann* sold and assigned his interest in the lease and premises to the defendant *Kleyter*, who, with the defendant *Kayser*, has since held the same.

 . "September 1, 1881, the lease by its terms expired, but, notwithstanding that fact, the tenants continued to hold possession and pay rent, and the plaintiff continued to receive the rent at the times and at the rate fixed in the lease as modified. April 1, 1882, the defendants were required by written notice to remove from the premises occupied by them as tenants within one month from that date, and to surrender and deliver possession thereof to the plaintiff, but the defendants refused, and tendered the monthly rent on the first days of May, June, July, and August, 1882, each of which tenders was refused by the plaintiff until August 1, 1882, when the plaintiff accepted, and the defendants paid, all the rent then due, including rent for said month of August. July 22, 1882, the plaintiff notified the defendants in writing that they were required to deliver up and surrender to the plaintiff on September 1, 1882, the possession of the

premises in question, which they then held as tenants of the plaintiff.

"This action was commenced in the municipal court of Dane county, September 4, 1882, under the statutes of wrongful detainer, and on the trial that court decided in favor of the plaintiff. Upon an appeal therefrom to the circuit court a new trial was had, and that court found the facts substantially as stated; and further, that no notice to quit, other than those above mentioned, was given, and that the defendants were not guilty of holding over and continuing in possession of the premises without permission of the plaintiff. As conclusions of law, the court found, in effect, that the tenancy became one from year to year before any notice to quit was served on the defendants, and that such tenancy could only be terminated by the plaintiff giving *six months* notice to quit, expiring September 1, 1882, or in some year thereafter; that the defendants were entitled to judgment reversing the judgment of the municipal court, and that the plaintiff take nothing by her action, but that the defendants, as to the matters alleged, go without day, and have judgment for their costs and disbursements."

From the judgment entered accordingly, the plaintiff appealed.

For the appellant there was a brief by *Sloan, Stevens & Morris*, and oral argument by *Mr. Sloan*. They contended, *inter alia*, that sec. 3358, R. S. is substantially and almost literally like sec. 28, p. 824, R. S. of N. Y. (6th ed.), and must be held to have been adopted in this state with the construction given to it in New York. See Laws of N. Y. (1820), ch. 176, sec. 1; 2 R. S. of N. Y. (3d ed.), 603, sec. 28; Laws of N. Y. (1849), 291–2. In *Nichols v. Williams*, 8 Cow., 15 (approved in *Post v. Post*, 14 Barb., 254–5), and *Park v. Castle*, 19 How. Pr., 29, it is held that, for the purpose of removal under this statute, a tenancy from year to year terminates at the end of each year, and that no notice is

necessary to summarily remove a tenant if he holds over; while in *Prouty v. Prouty*, 5 How. Pr., 81, and *Wright v. Mosher*, 16 id., 454, it is held that a tenancy from year to year falls within the general meaning of tenancies at will, and that under the New York statute (which is the same as ours in that respect) one month's notice is necessary to such removal. According to the old rule all tenancies not having a fixed and definite term were tenancies at will, and certain of them were, from motives of policy and justice, changed by the courts into tenancies from year to year which required a reasonable notice to terminate. Subsequently it was held that in regard to agricultural tenancies one half year's notice was reasonable notice, and the tenancies in which this length of notice was held necessary succeeded to the old tenancies at will by implication of law. But this rule has never been established as a prevailing rule in this country, although it has been so held in some of the states. 4 Kent's Comm. (12th ed.), 113, 115; *Coffin v. Lunt*, 2 Pick., 71; *Rising v. Stannard*, 17 Mass., 287. The rule requiring a half year's notice was never applicable to the circumstances and condition of the people in this state, and is wholly against the general custom and understanding. The cases of *Pugsley v. Aikin*, 11 N. Y., 494; *Schuyler v. Smith*, 51 id., 309; *Bacon v. Brown*, 9 Conn., 334; *Reeder v. Sayre*, 70 N. Y., 180; and *Laughran v. Smith*, 75 id., 205, do not involve the precise question here presented, but so far as the *dicta* found in the opinions are concerned they seem to sanction the doctrine of *Nichols v. Williams*, and *Park v. Castle*, *supra*.

For the respondents there were briefs by *Pinney & Sanborn*, and oral argument by *Mr. Pinney*. They argued, among other things, that both at common law and under the statute (sec. 2187, R. S.), the respondents have become tenants from year to year and entitled to half a year's notice to quit. *Jackson v. Salmon*, 4 Wend., 327; *Conway*

*v. Starkweather*, 1 Denio, 113; *Bishop v. Howard*, 2 Barn. & C., 100; *Waring v. King*, 8 Mees. & W., 571; *Digby v. Atkinson*, 4 Camp., 275; *Bradley v. Covel*, 4 Cow., 349; *Clarke v. Howland*, 85 N. Y., 204; *Adams Exp. Co. v. McDonald*, 21 Kan., 680; *Hyatt v. Griffiths*, 17 Q. B., 505; *Witt v. Mayor of N. Y.*, 6 Robt. (N. Y.), 441; *Ames v. Schuesler*, 14 Ala., 602; *Gilman v. Milwaukee*, 31 Wis., 563. The requisite notice not having been given, their term is still running, and they do not "hold possession after the expiration of the term." *Pugsley v. Aikin*, 11 N. Y., 498; *Prouty v. Prouty*, 5 How. Pr., 81; *Shore v. Porter*, 3 Term, 13; *Parker v. Constable*, 3 Wils., 25; *Hall v. Myers*, 43 Md., 446; *Hanchet v. Whitney*, 1 Vt., 311; *Rich v. Bolton*, 46 id., 84; *Sullivan v. Cary*, 17 Cal., 80; *Hunt v. Morton*, 18 Ill., 75; *Walker v. Ellis*, 12 id., 470; *Currier v. Perley*, 24 N. H., 219; *Godard v. S. C. R. R. Co.*, 2 Rich. Law, 346; *Ross v. Garrison*, 1 Dana, 36; *Morehead v. Watkyns*, 5 B. Mon., 229; *Vincent v. Corbin*, 85 N. C., 108: *Jackson v. Hughes*, 1 Blackf., 421; *People v. Paulding*, 22 Hun, 91; *Reeder v. Sayre*, 70 N. Y., 180; *Laughran v. Smith*, 75 id., 205; *Witt v. Mayor of N. Y.*, 6 Robt. (N. Y.), 441; *Larkin v. Avery*, 23 Conn., 316; *Stedman v. McIntosh*, 4 Ired. Law, 294; *Den v. Drake*, 14 N. J. Law, 528; *Den v. Blair*, 15 id., 182; *Ridgely v. Stillwell*, 25 Mo., 570; 4 Kent's Comm., *112; Wood's Landl. & T., 78, note 10; Taylor on Landl. & T., sec. 58; *Doe v. Browne*, 8 East, 165; Woodfall on Landl. & T., 300, 301; *Lloyd v. Cozens*, 2 Ashm., 131. The New York cases relied upon by the appellant are inapplicable to the law of this state, and are at variance with each other.

CASSODAY, J. Here there was a specified annual rent stipulated for in the original lease. The same is true under the lease as modified during the last year of the term. This is one of the essential elements of a tenancy from year to year. *Rich v. Bolton*, 46 Vt., 84. "If there be a lease for

a year," said Lord MANSFIELD, C. J., "and by consent of both parties the tenant continue in possession afterwards, the law implies a tacit renovation of the contract. They are supposed to have renewed the old agreement, which was to hold for a year. But then it is necessary, for the sake of convenience, that if either party should be inclined to change his mind, he should give the other half a year's notice before the expiration of the next, or any following year." *Right v. Darby*, 1 Term, 162.

Beyond question, it was the well-settled rule of the common law, that where there is a lease for any specified period, at a stipulated annual rent, and the tenant holds over after the expiration of his term, with the assent of the landlord, who continues to receive rent at the stipulated rate, the law implies a tenancy from year to year. *Doe v. Porter*, 3 Term, 16; *Doe v. Bell*, 5 Term, 471; *Bradley v. Covel*, 4 Cow., 350; *Jackson v. Salmon*, 4 Wend., 327; *Conway v. Starkweather*, 1 Denio, 113; *Pugsley v. Aikin*, 11 N. Y., 494; *Schuyler v. Smith*, 51 N. Y., 309; *Laughran v. Smith*, 75 N. Y., 205; *Clarke v. Howland*, 85 N. Y., 204; *Wilt v. Mayor of N. Y.*, 6 Robt. (N. Y.), 441; *Hall v. Myers*, 43 Md., 446; *Ames v. Schuesler*, 14 Ala., 602; *Gardner v. Commissioners*, 21 Minn., 33; *Williams v. Ackerman*, 8 Or., 405; *Stedman v. McIntosh*, 4 Ired. Law, 291; *Den v. Drake*, 14 N. J. Law, 525. And this was so, notwithstanding the annual rent specified was payable monthly or quarterly. *Richardson v. Langridge*, 4 Taunt., 128; *Laughran v. Smith*, *supra; Ridgely v. Stillwell*, 25 Mo., 570. In this state it is expressly declared by statute that "if a tenant for a year or more shall hold over after the expiration of his term, he may, at the election of his landlord, be considered a tenant from year to year, upon the terms of the original lease." Sec. 2187, R. S.; *Koplitz v. Gustavus*, 48 Wis., 48. This statute is in confirmation of the common law rule. Such holding over and payment and acceptance of rent without

objection, must be regarded as an election of the landlord to consider such tenancy as one from year to year. See cases above cited. *Gilman v. Milwaukee*, 31 Wis., 563.

Here it is conceded that the the tenancy in question was from year to year. " A tenancy from year to year," said Lord KENYON, C. J., continued " so long as both parties pleased. As between the original parties, as long as both of them lived, he (the tenant) could not have been dispossessed without six months' notice, ending at the expiration of a year." *Doe v. Porter, supra.* Subsequently, Lord ELLENBOROUGH, C. J., declared that the rule requiring a half year's notice to terminate such a tenancy, had existed ever since the time of Henry VIII. *Doe v. Spence*, 6 East, 123. There can be no question but what this is the settled rule of the common law. *Doe v. Smaridge*, 7 Q. B., 957; *Tress v. Savage*, 4 El. & Bl., 36; *Hanchet v. Whitney*, 1 Vt., 311; *Currier v. Perley*, 24 N. H., 224; *Hall v. Myers*, 43 Md., 446; *Prickett v. Ritter*, 16 Ill., 97; *Stedman v. McIntosh*, 4 Ired. Law, 291; *Den v. Drake, supra; Den v. Blair*, 15 N. J. Law, 181; *Bradley v. Covel, supra; Witt v. Mayor of N. Y., supra.* It is also well settled by the common law, that such notice must be six months before, and ending with, the current year. *Hanchett v. Whitney, supra; Reeder v. Sayre*, 70 N. Y., 180; Wood's Landl. & T., 78, note 10.

Of course, the common law as to a tenancy from year to year and notice to quit, is in force in this as well as other states, except in so far as it has been changed or modified by statute. *Coburn v. Harvey*, 18 Wis., 147; *Kellogg v. C. & N. W. R'y Co.*, 26 Wis., 272; *Spaulding v. C. & N. W. R'y Co.*, 30 Wis., 116; *Currier v. Perley*, 24 N. H., 219; Wood's Landl. & T., 78, note 10. Has the rule thus settled by the common law, as to the requisite notice to terminate a tenancy from year to year, been changed or modified by our statute?

A tenancy at will or by sufferance, created in any manner,

may, under our statute, be terminated by one month's notice in writing, except in certain cases where a shorter notice is provided for. Sec. 2183, R. S. Sec. 2184 simply provides for the manner of serving such notice. These statutes were enacted for the benefit of such tenants, and not for the benefit of the landlord. In a tenancy at will both the entry and occupancy are lawful, but for no definite term or purpose, subject to be determined by the landlord whenever he pleases. Wood's Landl. & T., 30, sec. 14; *Johnson v. Johnson*, 13 R. I., 467; *Richardson v. Langridge*, 4 Taunt., 128. At common law either party could put an end to a tenancy at will at any time he pleased, and *instanter*, and without notice, or, at most, by mere demand of the possession by the landlord. Wood's Landl. & T., 47, 48, sec. 18; Id., 51, sec. 19, and cases there cited. Such a tenancy is in no sense a tenancy from year to year. *Johnson v. Johnson*, 13 R. I., 467. So at common law and without the statute no notice was requisite to dispossess a tenant at sufferance. Such a tenant came into the possession lawfully for a specified term or purpose, but after his estate had ended he without authority wrongfully held over. Wood's Landl. & T., 12, sec. 6. He stood upon a mere naked possession and, being a wrong-doer if the landlord so elected to treat him, he could not maintain trespass to the realty against the owner for an entry upon the premises, because the owner had the right to enter and put an end to such tenant's possession by force *instanter*, and this applied to all persons holding under him. He was not, therefore, entitled to demand a notice to quit. Wood's Landl. & T., 16, 17, secs. 8–10; *Doe v. Maisey*, 8 Barn. & C., 767; *Doe v. Murrell*, 8 Car. & P., 134; *Wallis v. Delmar*, 29 L. J. Exch., 276. The purpose of enacting the statute last above referred to, therefore, was to give to tenants at will or by sufferance the right to the notice therein specified, before they could be dispossessed, whereas before such enactment they were not entitled to any notice whatever.

But in case of a tenancy from year to year, it was entirely different, for as to such a tenant he was entitled to six months' notice before his tenancy could be terminated. Of course, if a tenant for a specified time holds over after the expiration of his term, *without the assent of his landlord*, then such holding would create a tenancy at sufferance within the above definition. But here there was no such holding without the assent of the landlord; for as the tenancy from year to year could only be terminated against the will of the tenant by the landlord's giving six months' notice to quit, it follows in law that such assent, having in fact been given by the acceptance of rent, necessarily continued until such notice had been given and the time named in it had expired. Force is given to this reasoning by the fact that originally what is now sec. 2187, *supra*, constituted a proviso to what is now a part of sec. 2183, *supra*. See sec. 2, ch. 91, R. S. 1858. The proviso so annexed to that sec. 2 clearly showed that the legislature had no intention of making the month's notice mentioned in the section applicable to a tenancy from year to year. The fact that the proviso is now embodied in an entirely new section, does not indicate a change of such intent, but rather a continuance of it. Nor does ch. 145, R. S., aid the plaintiff. That provides, that when any tenant or lessee at will or by sufferance, or for any part of a year, or for one or more years, holds possession after the expiration of the term by lapse of time, or after such tenancy at will or sufferance has been terminated by either party in the manner provided in secs. 2183, 2184, R. S., *and without permission of the landlord*, he may be removed therefrom in the manner prescribed in that chapter. Subd. 1, sec. 3358, R. S. But, as already suggested, there was no holding over here without permission of the landlord. When the plaintiff received and accepted the rent for the month of September, 1881, without any objection, and especially as she repeated this from month

to month for several months, she thereby elected that the tenancy should be from year to year, as provided in sec. 2187, which tenancy was to the effect that the tenants might remain in possession until the first day of September, 1882, and that unless one party or the other should terminate such tenancy by giving notice to that effect at least six month's prior to the last-mentioned date, then such tenancy should continue for still another year thereafter, and so on from year to year. The construction suggested has additional force from the fact that while subd. 1, sec. 3358, expressly refers to secs. 2183, 2184, *supra*, it makes no reference to sec. 2187, *supra*. To hold otherwise would lead to the inconsistency of holding, that while the legislature expressly gave to tenants at will and by sufferance the right to a month's notice, when at common law they were entitled to none, yet, notwithstanding the proviso mentioned they at the same time intended, by implication merely, to shorten the notice which a tenant from year to year was entitled to receive, from six months to one month.

Several New York cases more or less conflicting have been cited by counsel, but it stands confessed that there is no statutory provision in that state similar or equivalent to sec. 2187, which, as we have seen, intentionally withheld a tenancy from year to year from being a tenancy by sufferance or terminated by one month's notice. Besides, the New York statute expressly provided that " whenever there is a tenancy at will or by sufferance, *created by the tenant's holding over his term or otherwise*, the same may be terminated by the landlord's giving one month's notice in writing to the tenant, requiring him to remove therefrom." 2 R. S. of N. Y. (6th ed.), 1126, § 7; 1 R. S. of N. Y. (Edmond's ed. 1863), 696, § 7. Instead of the words "created by the tenant's holding over his term or otherwise," in this New York statute, our statute is "created in any manner." Sec. 2183, R. S. This change in the language of the section

thus borrowed from that state is rendered doubly significant, when it is remembered that such holding over was a species of tenancy by sufferance, and then that, in addition to such change in the section, a proviso was annexed that the tenant so holding over might, at the election of the landlord, be considered a tenant from year to year. These differences in the statutes of this state and New York are sufficiently broad to render inapplicable to the case before us anything which may have been said by some of the courts of that state inconsistent with the views here expressed.

The only doubt we have had upon the subject is whether such tenancy from year to year might not be regarded as a leasing for more than one year by parol, and hence void under the statute of frauds. R. S., secs. 2302, 2304, 2307, subd. 1. It would seem to be a sufficient answer to this suggestion to say that the statutes (sec. 2187) having expressly continued in force in this state such tenancies from year to year as are created by the tenant's holding over after the expiration of his term, at the election of the landlord, the other sections referred to should not be so construed as to prevent the creation of any such a tenancy in that way. But the language of the prohibitory sections is that "no estate or interest in lands, other than leases *for a term not exceeding one year*, . . . shall be created," etc. (sec. 2302), and "every contract for the leasing *for a longer period* than one year . . . of any lands , . . . shall be void," etc. Sec. 2304. Here, the tenancy from year to year was not a lease for a "term" exceeding one year, nor a leasing for a longer "period" than one year. On the creation of such tenancy by the holding over, payment and acceptance of rent, the term was certain only for one year liable to be terminated in the manner indicated. If it was not so terminated, then it became certain for the term of another year, but for no longer period. *Koplitz v. Gustavus*, 48 Wis., 48. True, such failure to give

notice would have to occur six months prior to the end of the year, but it has been held that a parol lease of lands for the term of one year, to commence at a period subsequent to the day when the contract is made, is valid under a similar statute. *Young v. Dake,* 5 N. Y., 463; *Trull v. Granger,* 8 N. Y., 115; *Becar v. Flues,* 64 N. Y., 518; *Whiting v. Ohlert,* 18 N. W. Rep. (Mich.), 219. The question before us seems to be the same in principle. We must hold, therefore, that a tenancy from year to year is not a lease for a "term" exceeding one year within the meaning of these sections of the statute of frauds. But it is unnecessary to continue the discussion.

*By the Court.*— The judgment of the circuit court is affirmed.