EIMERMANN, Appellant, vs. NATHAN, Respondent.

*December 1—December 16, 1902.*

*Landlord and tenant: Tenancy from year to year: Termination: Notice: Waiver.*

> Sec. 2187, Stats. 1898, provides that a tenancy from year to year may be terminated by a notice in writing given not less than thirty days prior to the expiration of the year. On refusal of a landlord to make repairs, a tenant from year to year stated that, if he was to remain on the premises, he would notify the landlord in two or three days. No such notice being given the landlord, more than thirty days before the expiration of the then current year, advertised the premises for rent, and posted "To Rent" notices on the premises. At the end of the year the tenant vacated, delivering the keys to the landlord. The tenant testified that when he moved he requested permission to stay two weeks longer which was refused. *Held,* that the trial court was justified in finding that the landlord had waived the giving of written notice as required by the statute, and had accepted a surrender of the premises when the tenant vacated. ·

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Affirmed.*

This is an action by the landlord to recover $324, as one year's rent from May 1, 1899, to April 30, 1900, less $60, which the plaintiff received on account of rental of the premises to another party during that period. The lease was executed by the plaintiff and defendant April 8, 1896, and was for the term of one year from May 1, 1896, for the rent

named, to be paid in even and equal portions on the 1st day of each month in advance,—the first payment to be made May 1, 1896,—and contained these provisions:

"Permission is hereby given lessee to renew this lease for another year at the same rent upon giving thirty days' notice in writing before the expiration hereof. Permission is given lessor to place a sign, 'To Let,' in premises, thirty days before the expiration hereof, if lease is not renewed, and permission is granted lessor during said time to show the premises to persons desiring to rent the same."

The complaint, among other things, alleges that the defendant continued to occupy the premises under the lease until April 30, 1899, and then removed therefrom without terminating such tenancy. The answer consists of admissions, denials, and counter allegations. A jury being waived, and trial had, it was found by the court at the close of the evidence, in addition to the facts stated: (3) that after the expiration of the one year designated in the lease the defendant occupied the premises as tenant from year to year, with the consent of the plaintiff; (4) that such tenancy was not terminated April 30, 1899, by either party giving to the other notice in writing, as provided in sec. 2187, Stats. 1898; (5) that more than thirty days prior to April 30, 1899, and about March 20, 1899, the defendant, through the agency of his wife, negotiated with the plaintiff concerning a renewal of the lease for another year, and, at that time, notified the plaintiff, through such agency, that if he was to remain on the premises he would let the plaintiff's wife know within two or three days, and that the defendant did not notify the plaintiff or his wife that he was to remain on the premises; (6) that thereupon the plaintiff, more than thirty days prior to April 30, 1899, advertised the premises for rent in a daily newspaper published in Milwaukee, and such advertisement was published in each issue of such newspaper to and including April 29, 1899; (7) that more than thirty days prior to April 30, 1899, the plaintiff posted a notice on or near the de-

mised premises to the effect that the same were for rent, and kept such notice so posted until after defendant had removed from said premises; (8) that the plaintiff waived the giving of the notice in writing required by sec. 2187, Stats. 1898, and accepted a surrender of the premises from the defendant April 30, 1899. And as conclusions of law the court found and decided that the defendant was entitled to judgment dismissing the complaint in this action upon the merits, and for the recovery from the plaintiff of the costs of this action, to be taxed, and ordered judgment accordingly. From the judgment entered accordingly, the plaintiff brings this appeal.

For the appellant there was a brief by *A. J. Eimermann, in persona,* and *Hoyt & Olwell,* of counsel, and oral argument by *Mr. Eimermann.*

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. H. Remington.*

CASSODAY, C. J. The findings of the court are amply supported by the evidence. The plaintiff refused to repair or make any change in the condition of the premises, as requested by the defendant, March 20, 1899, but insisted that, if the defendant continued to occupy the premises after the expiration of the year, he must take them as they were. The defendant replied that, if he remained in the premises, he would let the plaintiff know in two or three days. He did not notify the plaintiff that he would remain, and thereupon, and on March 25, 1899, the plaintiff advertised the premises for rent in a daily newspaper, and posted notice on or near the premises to the same effect. Such notices continued until the expiration of the year, with the manifest understanding on the part of the plaintiff that the defendant would then vacate the premises. Manifestly, the defendant, with the same understanding, vacated the premises April 30, 1899, and on

that day delivered the keys to the plaintiff. In addition, the defendant testified that on the morning he moved out of the premises he asked the plaintiff if he would allow him to remain for two weeks in case he failed to find another place, and that the plaintiff replied that he could not stay there any longer. The plaintiff's contention is, that notwithstanding what occurred, the tenancy, being from year to year, could, under the statute, only be terminated by either party to the lease giving to the other "a notice in writing, not less than thirty days prior to the date of such expiration, that he [elected] to terminate such lease at the end of such year." Sec. 2187, Stats. 1898. That statute was enacted to change the rule at common law, as held in *Brown v. Kayser,* 60 Wis. 1, 18 N. W. 523; *Peehl v. Bumbalek,* 99 Wis. 64, 65, 74 N. W. 545. Accordingly, and after the defendant had removed from the premises, under the circumstances stated, the plaintiff served notice on the defendant, May 2, 1890, to the effect that, he having failed to terminate the lease in the manner prescribed in that statute, the plaintiff would hold him accountable for all rent thereafter to become due under the terms of the lease, and that he should proceed to rent the premises on the defendant's account, and hold him responsible for the difference, if any, at the end of the year. A similar notice was given by the landlord after having refused to accept a surrender in a case cited by the plaintiff, and it was held that the landlord was entitled to recover the rent stipulated, less the amount received from the new tenant. *Underhill v. Collins,* 132 N. Y. 269, 30 N. E. 576. In that case the landlord refused to accept a surrender of the premises, and notified the tenant that he would hold him for the rent, but stated that he would lease the premises for the tenant's benefit; and thereupon the latter left the premises, and subsequently the landlord leased them to another. The facts in that case distinguish it broadly from the case at bar.

That case is reviewed and distinguished in a later case in the same court, where it was held:

"A surrender of leased premises is created by operation of law, although the landlord has declined an offer of surrender, where, after the tenant has abandoned them, the landlord lets them in his own name to a third person for a new term, without the tenant's consent. A tenant's assent to a new letting of premises which he has abandoned will not be implied by his failure to answer a letter from the landlord saying that he would relet them on the tenant's account, so as to prevent a surrender by operation of law if the landlord subsequently relets them." *Gray v. Kaufman D. & I. C. Co.* 162 N. Y. 388, 56 N. E. 903.

In speaking of notice to terminate such tenancy, a standard text-writer says that such notice, "like almost every other species of notice required by law for the preservation of a right or the exaction of a duty, may be waived. . . . It may be waived by either party before it is due, or after failure to give notice, by acting in conformity to the wishes of the other party, in amicably terminating the tenancy precisely as though notice had been given. It may also be substantially waived by acting upon a defective notice. And there may be a waiver of notice by the party giving it, when he subsequently acts toward the other party precisely as though no such notice had been given." Wade, Notice (2d ed.) § 641. Upon the facts stated, the trial court was justified in finding that the plaintiff waived the giving of written notice as required by the statute, and accepted a surrender of the premises from the defendant on April 30, 1899.

*By the Court.*—The judgment of the superior court of Milwaukee county is affirmed.