**KANSAS CITY PUBLIC SERVICE CO. v. SHEPHARD.**

No. 4077.

United States Court of Appeals Tenth Circuit.

Oct. 27, 1950.

J. O. Emerson, Kansas City, Kan. (Edward M. Boddington, Edward M. Boddington, Jr., Kansas City, Kan., and Charles L. Carr, Kansas City, Mo., on the brief), for appellant.

Donald C. Little, Kansas City, Kan. (Frank H. Thompson and Frank L. Bates, Kansas City, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

David Shephard instituted this action against Kansas City Public Service Company. It was alleged in the complaint that defendant owned and operated street cars and buses in Kansas City, Kansas; that due to negligence in their operation, a street car and bus owned by the defendant collided; that plaintiff was a passenger on the bus; and that he suffered serious and permanent personal injury, for which damages were sought. The defendant denied negligence and pleaded contributory negligence. The case was tried to the court. The court found among other things that negligence

on the part of defendant was the proximate cause of the collision; and that as the result of the accident, plaintiff's back was injured. Judgment was entered for plaintiff, and defendant appealed.

■ The judgment is challenged on the ground that plaintiff's case contravenes the usual laws of physics and science and the teachings of everyday experience. Plaintiff cannot prevail in a case of this kind if the evidence on which he relies is in irreconcilable conflict with immutable laws of physics or is wholly inconsistent with established and uncontroverted physical facts. And where natural laws of physics or uncontroverted physical facts speak with such commanding force that they completely overcome and reduce to sheer absurdity the evidence offered by plaintiff to the contrary, the court should direct a verdict against plaintiff, or make a finding against him, depending on whether the case is being tried to a jury or to the court without a jury. Travelers' Indemnity Co. v. Parkersburg Iron & Steel Co., 4 Cir., 70 F. 2d 63; Jarman v. Philadelphia-Detroit Lines, 131 F.2d 728; Wolf v. City & Suburban Railway Co., 4 Cir., 5 Or. 64, 85 P. 620, 91 P. 460; Mouso v. Bellingham & Northern Railway Co., 106 Wash. 299, 179 P. 848; Morris v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co., 1 Wash.2d 587, 97 P.2d 119, 100 P.2d 19; Young v. Kansas City Public Service Co., 156 Kan. 624, 135 P.2d 551; Cameron v. Goree, 182 Or. 581, 189 P.2d 596; Cincinnati, Newport & Covington Railway Co. v. Johnson, 281 Ky. 565, 136 S.W.2d 769; Scott v. Hansen, 228 Iowa 37, 289 N.W. 710. But in determining whether that general rule has controlling application with dispositive effect, a court should bear in mind that frequently unlooked-for results attend the meeting of interacting forces or circumstances, and that oftentimes imponderables and variables difficult of solution present themselves. The doctrine should be applied only where the evidence on which plaintiff relies is clearly contrary to some immutable law of physics or is hopelessly in conflict with one or more established and uncontroverted physical facts. Travelers' Indemnity Co. v. Parkers-

burg Iron & Steel Co., supra; Jarman v. Philadelphia-Detroit Lines, supra; Piehler v. Kansas City Public Service Co., Mo.Sup., 211 S.W.2d 459.

■ Plaintiff alleged and testified that he was sitting on the right side of the aisle in the bus; that the street car struck the bus on the right side of the bus; and that plaintiff was thrown against the seat on the opposite side of the aisle and to the floor in the aisle. In its effort to invoke the rule that plaintiff's case is in irreconcilable conflict with the usual laws of physics and science and the teachings of everyday experience, defendant argues that if plaintiff was sitting on the right side of the aisle and the bus was struck on its right side with sufficient force to throw plaintiff out of his seat, he would have been thrown to the right rather than to the left toward the seat on the opposite side of the aisle and to the floor in the aisle. It must be conceded that the argument has plausibility and doubtless the trial court gave it careful consideration. But the testimony of plaintiff did not stand alone. It was corroborated in substantial respects. There was other testimony that immediately after the impact, a man and a woman were on the floor in the aisle of the bus; that two officers of the city found plaintiff in the aisle; that he was in a slumped-down position and was leaning somewhat against a vacant seat; that he claimed he was injured; that the two officers or one of them and another man put their arms under the arms of plaintiff and assisted him off the bus and into a police car; that he was taken quickly to the emergency hospital at the city hall; that a police surgeon examined him at the hospital; that he was suffering in his back and could not straighten up; that there was a contusion on his back; that he was treated and sent to another hospital; that x-rays disclosed a blurring in the lower section of the back; that he was suffering from a sacroiliac sprain; and that his injury was permanent in character. There was other evidence but it need not be detailed. Bearing in mind the unlooked-for results, the imponderables, and the variables difficult of solution which frequently present themselves in cases involving accidents on streets and highways, it

cannot be said that the evidence on which plaintiff relied, considered in its totality, was so clearly contrary to an immutable law of physics or the teachings of everyday experience, or was so clearly improbable, that the finding of the court that as a result of the accident plaintiff's back was injured must be overturned on appeal. Cf. Klass v. Metropolitan Street Railway Co., 155 S.W. 57; Pashea v. Terminal Railroad Association of Saint Louis, 350 Mo. 132, 165 S.W. 2d 691; Piehler v. Kansas City Public Service Co., supra.

The judgment is attacked on the further ground that plaintiff's own testimony affirmatively showed that he was guilty of contributory negligence and therefore was barred from recovering. The argument is that according to plaintiff's testimony, he saw the street car approaching the bus; that he knew there would be a collision unless one or both vehicles stopped; that he sat perfectly still and failed to brace himself; and that he did not take hold of the handhold on the seat in front of him or make any other move to protect himself against the impending accident. The accident occurred quickly after plaintiff realized or should have realized that a collision was impending. A sudden emergency presented itself. In the moment of such unexpected emergency, plaintiff was not required to exercise the judgment, the care, or the prudence for his own protection which would have been required of him under other circumstances when there was opportunity for reflection and deliberation. Schulz v. Chicago, Rock Island & Pacific Railroad Co., 167 Kan. 228, 205 P.2d 965. And if his failure to act in the most judicious manner for his own safety was due to want of time in which to formulate a considered judgment, he is not chargeable with contributory negligence. Hill v. Southern Kansas Stage Lines Co., 143 Kan. 44, 53 P.2d 923. Viewed in the light of these established principles, it cannot be said that as a matter of law plaintiff was guilty of contributory negligence and therefore is precluded from recovering.

Error is assigned upon the action of the court in denying the motion for new trial. A motion for new trial is addressed to the sound judicial discretion of the trial court; and its action in the denial thereof will not be reviewed on appeal except in a clear case of abuse of such discretion. Missouri, Kansas & Texas Railway Co. v. Jackson, 10 Cir., 174 F.2d 297. There was no abuse of discretion in denying the motion in this case.

The judgment is affirmed.