## EIGEL v. DOWDELL.

No. 14487.

United States Court of Appeals,
Eighth Circuit.

June 24, 1952.

Rehearing Denied Sept. 19, 1952.

Ernest E. Baker, St. Louis, Mo., for appellant.

C. V. Barnhart, St. Louis, Mo. (Barnhart and Wood and Marvin S. Wood, St. Louis, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

On the afternoon of March 5, 1948, James F. Dowdell, a citizen of Iowa, accompanied by his wife, Marguerite Dowdell, was driving his Packard automobile south on Highway 61 in Missouri. At the same time Charles Riggs, a citizen of Illinois, accompanied by his daughter, Helen Riggs, was driving his Ford automobile north on the same highway. The cars met in a head-on collision in a section of the highway

which is straight and comparatively level. The occupants of both cars were injured.

Mrs. Dowdell brought an action for damages against Riggs in a Missouri court. Riggs died before the trial, and the action was revived in the name of his administrator, Hassett. Dowdell brought this action in the United States District Court in Missouri against the administrator, a citizen of Missouri. After the trial in the District Court Hassett died, and this case has been revived in this court in the name of John Eigel, successor administrator of the Riggs estate. This appeal is by the administrator from the judgment entered on a jury verdict in favor of Dowdell.

Dowdell charged Riggs with negligence causing the collision in failing to drive his car as close to the right-hand side of the highway as practicable and in failing when meeting the Dowdell car to drive to the right of the center line of the highway in violation of applicable Missouri statutes, and in driving his northbound automobile to the left of the center line of the highway into the lane of the highway occupied by Dowdell's car. The administrator charged Dowdell with negligence in operating his car in violation of the same Missouri statutes, and also with contributory negligence in permitting the Dowdell car to swerve suddenly into the lane of the highway rightfully occupied by the Riggs car.

Highway 61 is a modern highway with a concrete pavement 18 feet wide marked with a black center line. At the time of the accident the pavement was dry, but there was snow on the dirt shoulders on either side of the pavement. There were no other cars near the scene of the accident at the time of the collision.

The only eye witnesses to the accident were Dowdell and Riggs. Mrs. Dowdell just prior to the collision was leaning forward attempting to tune in a station on the radio in the Dowdell car. She never saw the Riggs car before the collision. Helen Riggs was not well and just before the collision she was leaning forward and did not see the Dowdell car.

Dowdell's testimony may be summarized. He first saw the Riggs car at a distance of about 800 feet. He observed that the left wheels of the Riggs car were over the center line of the pavement. At that time Dowdell's car was moving at the rate of 50 or 55 miles an hour and the Riggs car was approaching at the rate of 45 miles an hour. When Dowdell saw that the Riggs car was not returning to the east side of the highway, he applied his brakes and sounded his horn. The cars were then about 200 feet apart, approaching each other at the combined speed of 100 miles an hour. Dowdell continued to apply his brakes and sound his horn until the collision occurred. The Dowdell car at all times was in the west lane of the highway as near as practicable to the right side of that lane. The Riggs car never returned to the east side of the highway, but continued to move into the west lane in front of Dowdell's car. But for the collision, the Riggs car would have crossed the west lane of the highway and left the pavement on that side. The force of the collision caused the steering wheel on Dowdell's car to turn rapidly counter-clockwise so as to turn his car toward the east side of the highway. The right front of Riggs car struck the right front of the Packard car. After the collision the cars stopped parallel with each other, both facing in a northeasterly direction, about ten feet apart and both on the pavement.

By stipulation of the parties parts of the deposition of Riggs taken for use in the trial in the State court were read in evidence in this action. According to this deposition Riggs never saw the Dowdell car until he was about 200 feet from it. He admitted that at that time the left wheels of his car were over the center line of the pavement and in the west lane of the highway, and that Dowdell's car was in the west lane of the highway. He said that a strong gust of wind forced his car out of the east lane into the west lane, that immediately upon discovery of the Dowdell car he turned his car into the east lane of the highway, that his car was entirely in the proper lane at the moment of collision, and

that when the cars were approximately 50 feet apart Dowdell suddenly permitted his car to swerve into the east lane and to collide with the Riggs car. Riggs said that his car was traveling at a speed of 45 miles an hour and that he never applied his brakes before the collision.

Several witnesses who arrived at the scene of the accident shortly after it occurred testified to the position of the two cars after the collision. From debris found at the center of the highway these witnesses located what they thought was the point of collision. Leading to this point were skid marks made by the tires of the Dowdell car which began 35 feet north of the assumed point of collision. These skid marks began in the west lane of the highway. Faint skid marks south of the point of collision about 12 or 14 feet in length, presumably made by the tires of the Riggs car, began in the west lane of the highway. The witnesses were not in complete agreement as to where the skid marks ended or as to the position of the cars with reference to the center line of the highway. There was evidence that a small portion of the skid marks of both cars extended across the center line of the highway into the east lane. Dowdell and Riggs said that both cars were wholly on the highway after the collision, while one witness testified that the Ford car was partly in the east lane and partly on the east shoulder. There was also evidence that after the collision the position of the two cars was such as to block traffic on the east lane of the highway.

For reversal the administrator contends that there was no substantial evidence to support the verdict of the jury in favor of Dowdell, and that the case was submitted to the jury under an erroneous instruction.

1. On the question of the sufficiency of the evidence, the administrator contends that Dowdell's version of the cause of the collision is so opposed to undisputed physical facts as to deprive it of the character of substantial evidence. The argument is that the position of the cars after the accident, both facing northeast, and the fact that the damage to the cars confirmed Dowdell's statement that the right front of the Riggs car struck the right front of the Dowdell

car conclusively established that the Riggs car could not have been traveling in a northwesterly direction at the time of the impact, and that the force of the impact could not have caused the steering wheel of the Dowdell car to spin rapidly to the east if the Riggs car at the time of impact had been moving in a northwesterly direction; and further, that the position of the cars after the collision and the location of debris on the highway show that the collision occurred as claimed by Riggs.

The rule that oral evidence which is opposed to undisputed physical facts is not substantial evidence is well settled. But we are unable to say that the facts in this case relied on by the administrator require the application of the rule. The evidence under discussion was, we think, for the jury to consider in connection with all the other evidence, the jurors being the exclusive judges of the facts, of the credibility of the witnesses, and of the weight of the evidence. The leading case in this court is Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, a case involving the collision of two automobiles on a public highway, in which the evidence of eye witnesses was opposed not only by the positive testimony of other eye witnesses, but also by the position of the cars after the collision, the damage to the cars, the evidence of tire marks leading to the point of collision, and the location of debris on the highway. See also Whittington v. Mayberry, 10 Cir., 190 F.2d 703, 706; Kansas City Public Service Co. v. Shephard, 10 Cir., 184 F.2d 945, 947; Schupback v. Meshevsky, Mo.Sup., 300 S.W. 465, 467, all of which support the proposition that results difficult to reconcile with oral testimony frequently attend the collision of cars moving at high speeds, and that proof of the relative positions of automobiles immediately prior to and following a collision does not necessarily establish physical facts from which the cause of the collision may be determined with absolute certainty. These cases are in accord with the Elzig case, supra.

The question of the sufficiency of the evidence to support the verdict of the jury in this case is for this court on the record before it. But interesting in this case,

though not controlling, is the decision of the Supreme Court of Missouri in the action brought by Mrs. Dowdell against Riggs, Dowdell v. Hassett, Mo.Sup., 247 S.W.2d 691, which counsel for neither of the parties called to our attention, although it was decided two months before the present case was argued. From the opinion referred to, as well as from the record in the present case, it appears that the evidence in the State court action and in this was essentially the same. In the State action the jury returned a verdict for the defendant which the trial court set aside on the ground "that the verdict is against the evidence." On appeal the Missouri Supreme Court rejected the argument made here that plaintiff was not entitled to go to the jury.

■ 2. In its charge to the jury the court stated the respective contentions of the parties as to the cause of the collision and the manner in which it occurred. The jury were told that if they found from all the evidence that Riggs was negligent in operating his car in the west lane of the highway, that this negligence caused the collision, and that Dowdell was not guilty of contributory negligence as charged by Riggs, the verdict should be for Dowdell; that if from all the evidence they found that the accident was caused by the negligence of Dowdell as charged by Riggs, Dowdell was not entitled to recover. In elaboration, the jury were advised that if they found from the evidence that a strong gust of wind forced the Riggs car into the west lane of the highway while Riggs was in the exercise of the degree of care required by Missouri law, and that Riggs immediately turned his car into the east lane of the highway in time to avoid a collision, then Riggs was not guilty of negligence in the operation of the car in the west lane of the highway; and, on the other hand, if they found from all the evidence that Riggs drove his car in the west lane of the highway until the cars were so close together as to confront Dowdell with a sudden emergency in which in the exercise of the care required of him by Missouri law he attempted to swerve his car into the east lane to avoid the collision, then Dowdell was not

guilty of contributory negligence preventing his recovery.

Read in its entirety and in the light of all the evidence the court's charge was not erroneous.

■ Riggs introduced the issue of Dowdell's contributory negligence into the case. He admitted that immediately before the accident occurred he was driving his car in the west lane of the highway. He admitted that he did not see the Dowdell car until he was within approximately 200 feet of it although under the evidence he had a clear view of Dowdell's car for a distance of 800 feet. He did not say at what point in the highway his car was forced into the west lane, but only that when he discovered the Dowdell car he turned into the east lane. There is evidence from which the jury might have found that he did not move his car out of the west lane until almost the moment of impact, when the cars approaching each other at a speed of 100 miles an hour were only 50 or 60 feet apart. Under this evidence the administrator's objection that there was no evidence upon which to submit the question of Dowdell's freedom from contributory negligence to the jury under the facts stated is clearly without merit. The burden was on Riggs on this question.

■ Nor is there any merit in the administrator's contention that the charge of the court permitted Dowdell to recover on a theory inconsistent with that stated in his complaint and upon evidence opposed to his own testimony. The theory on which the parties relied and the evidence introduced by each party in support of his theory were carefully explained to the jury in the court's charge, and the jury were told that the rights of the parties under Missouri law depended upon the jury's finding as to which version of the cause of the accident was supported by the evidence. The court did not commit prejudicial error in refusing to phrase this part of the charge in the language requested by the administrator. The jury were not required to accept the testimony of Riggs as to the cause of the collision or the place on the highway where

it occurred. Under the evidence and the charge of the court, the question of proximate cause was for the jury.

The judgment of the District Court is affirmed.