**Stephen GRANAT, as Administrator of the Estate of Mary A. O'Keefe, Deceased, Appellant,**

v.

**Walter SCHOEPSKI, Appellee.**

**No. 16125.**

United States Court of Appeals Ninth Circuit.

Dec. 7, 1959.

Doepker & Hennessey, M. J. Doepker, Butte, Mont., Granat & Cole, Malta, Mont., for appellant.

Hall, Alexander & Kuenning; Angland & Marra, Great Falls, Mont., for appellee.

Before HEALY and HAMLEY, Circuit Judges, and SOLOMON, District Judge.

SOLOMON, District Judge.

This is an appeal from judgments for defendant in three automobile collision cases, consolidated for trial and tried to the court without a jury.

The actions arose out of a collision between a Buick driven by Mary O'Keefe and a Pontiac driven by defendant Walter Schoepski, on a bridge near Malta, Montana. Mary O'Keefe sustained injuries which caused her death, and Walter Schoepski sustained permanent bodily injuries.

The actions were filed in the state court by the administrator and by the husband of Mary O'Keefe and were removed by Schoepski to the United States District Court. Schoepski answered and counterclaimed for damages for his own injuries.

The trial court, relying upon the evidence of three eye witnesses, found that Schoepski exercised due care and was on the proper side of the bridge at the time of collision, and that Mary O'Keefe, in the Buick, had negligently crossed into the wrong lane and had caused the accident. The court rejected contrary testimony of plaintiff Raymond O'Keefe, a passenger in the Buick, and the opinion testimony of Police Officer Hardesty, who testified to the point of impact as reconstructed from the debris found at the scene.

On the basis of such findings, the court entered judgments in favor of the defendant on all claims and counterclaims.

Plaintiffs concede that the trial court's findings of fact may not be set aside unless clearly erroneous [Rule 52(b), Federal Rules of Civil Procedure, 28 U.S. C.A.]. However, plaintiffs contend that the court's findings cannot be sustained because they are contrary to the "physical facts" of the case. They assert that the pattern of debris, as interpreted by Officer Hardesty, required the court to conclude that the vehicles collided on the south, or Buick side of the bridge.

We have examined the testimony and find the "physical facts" rule, such as it is, inapplicable to these cases. Officer Hardesty arrived at the scene of the collision at least one hour after the accident. There was testimony that, in the interim, the vehicles and the debris had been moved. Furthermore, Officer Hardesty's testimony was equivocal. He admitted that the accident could have occurred on the north side of the bridge under conditions which are not implausible.

The "physical facts" rule is restricted to those situations in which the testimony of the witnesses relied upon was virtually impossible on the uncontradicted physical facts. Kansas City Public Service Co. v. Shephard, 10 Cir., 1950, 184 F.2d 945. These are no such cases.

Plaintiffs also contend that the court erred in refusing to hear the testimony of Officer Dove pertaining to the condition of the road. This testimony was offered at a session of court held for the sole purpose of taking the testimony of Mrs. Keough, a witness for the defendant, and any evidence adduced by the plaintiffs to rebut her testimony. This session was held two months after all other evidence was completed because Mrs. Keough was pregnant and unavailable at the time of trial. Dove's proffered testimony did not rebut Mrs. Keough, and the court did not commit error by rejecting it.

There is no merit in any of plaintiffs' remaining specifications of error.

Affirmed.