Wilson, J.,
delivered the opinion of the court.
This was an action upon a promissory note alleged to have been executed by defendant Solomon to one F. Cohn. The complaint was in the usual form, and after setting forth a copy of the note, alleged that before maturity, it was indorsed by the said F. Colm and for value delivered to plaintiff, and that plaintiff was the owner and holder thereof. The defendant by answer set up five several defenses. The first was in the following words, “ The defendant answering the plaintiff’s complaint, denies on information and belief that the said promissory note was ever indorsed by the said F. Cohn or delivered to plaintiff, or that plaintiff was the owner or holder of said note.” The second averred “on information and belief ” that the pretended indorsement of the note to plaintiff was without consideration and was made solely to enable plaintiff to institute this action and that therefore he was not the real party in interest. For a third defense it was alleged that the note was made and executed in the name of defendant by one Isaac Solomon “ without any good or valuable consideration ” moving to defendant, *355 and also “ on information and belief ” that plaintiff at the time of the indorsement had notice of those facts and accepted the indorsement without payment of any good or valuable consideration for the note. The fourth alleged that save and except as to the sum of $560, the note “ was given without any consideration,” and on information and belief averred that at the time of the assignment plaintiff had notice of this fact and paid no consideration therefor. The fifth defense alleged that save and except as to the sum of $442.70, the note was made and given without any consideration. It then recites in detail the circumstances under which it was claimed the note was “ made and given,” which if true would tend to show that Cohn had failed in some of the promises which he had made and which constituted a part at least of the consideration of the note.
The execution and delivery of the note to Cohn was nowhere denied, and the want of authority in Isaac Solomon to execute the same in the name of defendant was not asserted even by implication. These facts were therefore admitted. The answer was verified. Plaintiff replied by a general denial to each and every allegation contained in the second, third, fourth and fifth defenses. The reply was not verified, but no advantage was sought to be taken of this either before or during trial.
Upon the trial plaintiff offered the note in evidence, admitting at the same time that the words, “ Pay to A. C. Brodie,” immediately preceding the signature of Cohn, had been written subsequent to the commencement of the suit, and that therefore the assignment, if any, had been made by indorsement in blank. Defendant objected to the introduction of the note, unless it was shown that the signature of Cohn was genuine, and that an actual delivery of the note had been made to plaintiff. No such evidence was offered, and the note being .received in evidence over the objection of defendant, plaintiff rested. Defendant declined to offer any evidence, and thereupon the court instructed the jury to return a verdict for plaintiff, which was accordingly done, and judgment *356 entered thereon. The court refused the request of defendant to instruct the jury as follows:
“ The jury are instructed that the plaintiff seeks to recover on a promissory note, set forth in the complaint, executed by the defendant, and payable to one F. Cohn, for the sum of one thousand dollars, which the complaint says was by said Cohn assigned to plaintiff for valuable consideration.
“ The answer denies this assignment from Cohn to plaintiff, and this denial is under oath.
“ The plaintiff having offered no proof whatever of any such assignment to him, except the mere production of said note in evidence, with what purports to be the name of F. Cohn indorsed on its back, with no proof that such is the genuine signature of the said Cohn, it must be held that the plaintiff has failed to prove his case as set forth in his complaint, and you will, therefore, return a verdict for the defendant.”
The refusal of this instruction is assigned for error, and this brings up all of the questions involved in the case.
On trial, evidence is required only in support of the issues involved in the cause, and the ultimate object of all written pleading is to formulate the issues to be tried. This ordinarily is done by affirmation of an issuable fact on the one side, and its denial by the other. It is beyond controversy that where an issuable fact is alleged by one party and there is no denial of it by the other, and no matter is stated which would avoid it or otherwise constitute a defense, the fact is taken as admitted, and no proof of it is required. Civil Code, sec. 71. What constitutes such a denial as to create an issue is regulated by the code. This provides that the answer shall contain a general or specific denial of each material allegation intended to be controverted, or “ in denying any allegation in the complaint not presumptively within the knowledge of the defendant, it shall be sufficient to put such allegation in issue for the defendant to state as to such allegation that he has not and cannot obtain sufficient knowledge or information upon which to base a belief.” Code, sec. 56. We think the converse of the proposition holds true, that is, *357 in the absence of a general or specific denial, the failure of the defendant to state that he has not and cannot obtain sufficient knowledge or information upon which to base a belief, does not put the allegation in issue. The code says that the statement of certain things by the pleader shall be constructively such a denial as to put the allegation in issue. In other words, such a statement becomes a denial and creates an issue solely by virtue of this code provision. It would seem to need no argument, therefore, in support of the proposition that the assertion by the defendant of something entirely different from that specified by the code, could not amount to such a denial. The pleading is controlled by the statute, and the pleader cannot be permitted to evade it. He must deny directly and positively, or must deny in the language of the statute. Bliss, Code Pleading, §326. We cannot agree with counsel that a denial “ on information and belief ” means the same thing as a statement that the defendant has not and cannot obtain sufficient knowledge or information upon which to base a belief. If by the former it is intended to specifically and positively aver anything, or raise an issue either by denial or otherwise, it means that the pleader has sufficient information to form a belief that the allegation is untrue, and therefore denies it. If this were the case, he should deny it without any qualifying words. It is manifestly a clear evasion of the statute. The pleader might have had, consistent with this plea, personal knowledge of the facts, or might readily have been able to obtain it. He must first aver, before he can thus create an issue, that he has not and cannot obtain not only sufficient information but also sufficient knowledge, upon which to base a belief either as to the truth or falsity of the allegation sought to be put in issue. As was well said by the supreme court of New York, Pratt Mfg. Co. v. Jordan I. & C. Co., 40 Hun, 144, in a case wherein this identical question was involved, and upon a similar code provision, “ It might very well have had the requisite knowledge and information to form a belief that all the allegations contained in the complaint were *358 true consistently with the answer as it was served in the action.”
In states where a similar code provision exists, it is uniformly held that a denial in the answer “ upon information and belief,” being unauthorized, is not sufficient to create an issue, and that the allegation which is attempted to be controverted in this manner is admitted. Swinburne v. Stockwell et al., 58 How. Pr. 312; Pomeroy, Remedies and Remedial Rights, § 640. This question has, however, been positively settled by our own supreme court. In James v. McPhee, 9 Colo. 490, the court quotes approvingly from Mr. Pomeroy: “The formula prescribed by the statute should be exactly followed, not because there is any value in the form simply as such, but because in no other manner can the defendant satisfy the demands of the Code, and raise a substantial issue, —an issue which is not a subterfuge and a pretence. * * * He must deny that he has any knowledge or information concerning the matter alleged sufficient to enable him to form a belief respecting it.” In a later case, Haney v. People, 12 Colo. 348, the court again says: “ If the pleader will avail himself of this form of denial, he must see to it that Ms pleading complies strictly with the material requirements of the statute. It has been said that the exact formula prescribed by the statute should be adopted,” — citing James v. McPhee, previously decided. The question raised is therefore not an open one in this jurisdiction.
It follows, therefore, that there being no denial of the allegation in the complaint that the note was indorsed by Colm and delivered, for value, to the plaintiff, and that plaintiff was then the owner and holder of it, these facts were admitted and no proof of them was required. The case of Maclay v. Sands, 94 U. S. 586, relied upon by defendant, is not in point. The question involved in that case was not as to the form of the attempted denial, but was as to whether the allegations were presumptively within the knowledge of the defendant, and hence could not be put in issue except by a specific denial.
*359 Conceding in full the contention of the defendant that there was an issue presented on the allegation by plaintiff of his ownership of the note and of its assignment and delivery to him for value, the court still did not err hi directing a verdict in his favor. The production of the note on the trial by plaintiff was evidence and proof in support of this allegation, and made & prima facie case which became conclusive in the absence of rebutting testimony. In a case precisely similar, wherein the action was maintained by the assignee of a note against the maker, this court said: “ The production of the note establishes the plaintiff’s title, and hi the absence of other testimony, shows him to be the holder for value. * * * The plaintiff produced the notes, and was entitled to recover unless there were some testimony to invalidate his apparent title.” Champion Empire Mining Co. v. Bird, 7 Colo. App. 526.
In a still later case where the suit was also maintained by the assignee against the maker, and wherein there was also a denial of plaintiff’s ownership, the supreme court of this state said: “The fact of its possession and production by the plaintiff at the trial, not canceled or extinguished by any endorsements of payment or otherwise, was prima facie evidence of the ownership by the plaintiff, and that it was unpaid.” Reed v. First National Bank, 23 Colo. 384.
The reason and extent of the rule and its application to the case at bar are very clearly set forth by the supreme court of the United States in Collins v. Gilbert, 94 U. S. 754. In its unanimous opinion, the court said: “ Transferees of a negotiable instrument, such as a bill of exchange or promissory note payable subsequent to its date, hold the instrument clothed, with the presumption that it was negotiated for value in the usual course of business at the time of its execution, and without notice of any equities between the prior parties to the instrument. * * * Possession of such an instrument, payable to bearer or indorsed in blank, is prima fade evidence that the holder is the proper owner and lawful possessor of the same, and nothing short of fraud, not even gross negligence, *360 if unattended with, mala jides, is sufficient to overcome the effect of that evidence, or to invalidate the title of the holder supported by that presumption. * * * Apply that rule in a suit in the name of the transferee against the maker, and it is clear that he has nothing to do in the opening of his case except to prove the signatures to the instrument, and introduce the same in evidence, as the instrument goes to the jury clothed with the presumption that the plaintiff became the holder of the same for value, at its date, in the usual course of business, without notice of anything to impeach his title. * *' * Clothed as the instrument is with those presumptions, the plaintiff is not bound to introduce any evidence to show that he gave value for the same, until the other party has clearly proved that the consideration for the instrument was illegal, or that it was fraudulent in its inception, or that it had been lost or stolen before it came to the possession of the holder.”
The allegation in plaintiff’s complaint that defendant executed and delivered the note to the payee was not denied, —in fact, was substantially admitted; the note was produced, offered and received in evidence, and the defendant declining to present any evidence whatever, the court did not err in directing a verdict for plaintiff, and rendering judgment thereon. The judgment will be affirmed.

Affirmed.