[No. 5512.]
[No. 3182 C. A.]

## ERSKINE v. RUSSELL.

1. **Pleading—Complaint—Demurrer—When Improper.**

Where a complaint alleged that the word "trustee," appearing in a lease, and signature of defendant thereto, was merely descriptio personae, it could not be demurred to on the ground that defendant was trustee for a certain partnership consisting of himself and another, since the objection raised did not appear upon the face of the complaint.—P. 451.

2. **Pleading—Replication—Denial on Information and Belief.**

Under § 56, Mills' Ann. Code, providing that, in denying any allegation in the complaint not presumptively within the knowledge of defendant, it shall be sufficient to put such allegation in issue for defendant to state, as to such allegation, that he has not and cannot obtain sufficient knowledge or information upon which to base a belief, a denial "on information and belief" by plaintiff in his replication, of an allegation in the answer, is not sufficient to put such allegation in issue.—P. 452.

3. **Partnership—Firm Debts—Action Against One Partner—Evidence—Admissibility.**

In an action for rent against a person who signed a lease as trustee, where defendant alleges in his answer that, while

he executed the lease alone, he acted as representative of his firm and not upon his own behalf, and such fact was known to the lessor, evidence is admissible to show that the rent due was a partnership debt and not a personal one.—P. 453.

4. Same—Parties—Joinder.

Firm debts are joint obligations, and not joint and several, and action therefor must be brought against the firm, and not against an individual member; and hence, in an action against an individual for rent under a lease signed by him, where it appeared that the lease was made to defendant's firm and that defendant was not acting in his individual capacity, the partner should be made a party to the suit.—P. 454.

5. Landlord and Tenant—Leases—Rent—Liability After Expiration of Term—Effect of Assignment of Lease.

Lessees are liable for the rent of leased premises after the expiration of the term so long as they occupy them, and it seems that this is true as to their subtenants; but if the lease is assigned with the knowledge and acquiescence of the lessor, the liability of the original lessee terminates with the term provided for by the lease.—P. 455.

*Appeal from the District Court of the City and County of Denver.*
*Hon. John I. Mullins, Judge.*

Action by Hiram C. Russell against Oscar Erskine. From a judgment for plaintiff, defendant appeals. *Reversed and remanded.*

Mr. W. E. CLARK, for appellant.

Mr. EDMOND J. CHURCHILL, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Upon the first day of August, 1900, The Denver Union Stock Yards Company leased to "Oscar Erskine, Trustee," certain property known as "The Hoffer Brick Slaughter House" for the period of one year, at a rental of $35.00 per month. This lease was signed on the part of the lessee as follows: "Oscar Erskine, trustee." It is alleged in the com-

plaint that the word "trustee," appearing in the lease and in the signature thereto, is merely a *descriptio personae;* that the defendant and his sublessees continued to hold the property until the first day of December, 1901; that no rent was paid after the first day of March, 1901; that on the 14th day of December, 1901, The Denver Union Stock Yards Company assigned, for value, the claim existing against the defendant on account of the rent. A demurrer was filed to this complaint, alleging for ground of demurrer that the defendant was trustee for The Union Packing Company, a copartnership consisting of the defendant and one N. Q. Tanquary, and also that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was properly overruled. Upon the face of the complaint the objections which are raised by the demurrer do not appear. The complaint states a cause of action and there is nothing in it to show that the defendant was trustee for the alleged copartnership.

Defendant answered alleging that in leasing the premises as trustee, he was acting in a representative capacity; that he represented the joint interests of Nathan Q. Tanquary and himself as copartners, and that this fact was well known to The Denver Union Stock Yards Company at the time of making the lease; that they engaged in business under the firm name of The Union Packing Company, and that on the 28th of February, 1901, defendant and Tanquary assigned the lease to one Frederick L. Kroeger.

It is further alleged that Tanquary made the negotiations with The Denver Union Stock Yards Company for the leasing of the premises, and that it was at his suggestion that the lease was made in the name of Erskine as trustee instead of to the firm. There were some further allegations in the answer concerning the business relationship existing between

defendant and Tanquary, which it is unnecessary to notice in this opinion.

Defendant then asked that Tanquary be made a party defendant with himself. This application was granted. Tanquary, without denying any of the allegations of the answer, moved to be discharged, and the motion was granted. The replication says that plaintiff "on information and belief denies that The Denver Union Stock Yards Company, the lessor in the lease set up in the first paragraph of said answer, knew that the said defendant, Oscar Erskine, was acting in a representative capacity." This does not amount to a denial of the allegation of the answer. A denial "on information and belief" does not comply with the provisions of section 56 of the Code of Civil Procedure. In order to put in issue a matter which is not within his knowledge, the plaintiff must allege that he has not, and cannot obtain, sufficient information or knowledge upon which to base a belief.—*Solomon v. Brodie,* 10. Colo. App. 353.

Defendant sought to prove the existence of the partnership between himself and Tanquary at the time of the making of the lease, and that in making the lease he represented the firm. This proof was rejected upon objection made by the plaintiff, and judgment was rendered against the defendant for the full amount of the rent from March 1st to December 1st, aggregating $315.00. Defendant appeals and alleges that the court erred in discharging Tanquary; that the court erred in excluding the testimony in relation to the partnership; and, that the court erred in rendering judgment for that portion of the rent claimed to be due from August 1st, the termination of the lease, until December 1st.

In answer to the first contention made by the appellant, appellee relies upon the doctrine that a trustee is personally liable for his contracts, except

where the party agrees to look to the trust estate. That is sometimes true, as stated in *Gill v. Sisson,* 55 Md. 339. In that case the defendant was the trustee in a deed of trust made to property for the benefit of the grantor's creditors. The trustees completed certain houses upon the property conveyed to them, and the court held that they were personally responsible for the debt so incurred, it not appearing that the builders had agreed to look to the trust estate.

*Connor v. Clark,* 12 Cal. 168, is also relied upon by appellee. In that case there was a promissory note signed by R. C. Clark, trustee. At the trial he offered to show that the agreement at the time he made it was that he was not to be personally liable, but that the payment was to be made out of the trust fund of which he was the trustee. It was held that this testimony was not admissible, for the reason that it would tend to vary the terms of the contract. But these authorities, like others cited by appellee, do not seem to be in point, for the reason that the contention made by the defendant in his pleading, and attempted to be made in his proof, is that the debt was a partnership debt; that while he executed the contract alone, he executed it as the representative of the firm and not upon his own behalf, which fact was known to the landlord. If that is true, then the debt was a firm debt, and not an individual or personal one. Firm debts are joint obligations and not joint and several. In such cases the action must be brought against the firm, and not against an individual member of it. This is admitted by the appellee and is the doctrine laid down by this court in *Thompson v. White,* 25 Colo. 226; *Jones v. Langhorne,* 19 Colo. 206.

In this last case the court says that when a partner is sued individually for a firm debt, he should

plead the nonjoinder of his copartner as a codefendant, just as was done in this case.

In *Johnson v. Calnan*, 19 Colo. 168, it was held that the word "trustee," inserted after the name of the grantor in a deed, indicates something more than a mere *descriptio personae;* that it indicates an intention of the parties that the grantee was to take the title, not in his individual capacity, but in trust for another, though the name of the *cestui que trust* is not disclosed by the deed, and that parol testimony is admissible to show for whom and for what purpose he became trustee. The application of that principle would seem to be decisive of this question. There can be no well-founded reason why the doctrine should not apply to leases as well as to deeds in which the absolute title to the property is conveyed. That being true, as soon as it became apparent that the lease was made to the firm and that the defendant was not acting in his individual capacity but was acting as a representative of the partnership, the court should have made the partner Tanquary a party to the suit for two reasons: first, because being a partnership debt it was a joint obligation; and second, being a joint obligation, it would not support a judgment in an action brought against the individual partner. Suppose that the plaintiff, knowing of the existence of this partnership, had brought his action against the defendant and Tanquary as copartners, could Tanquary have defeated the action, so far as he was concerned, because the lease was simply signed by his copartner as trustee, although he admitted that the partner was acting in a representative capacity and that the property was taken for the use and benefit of the concern and the lease made on behalf of the firm? If he could not defeat such an action, then it necessarily follows that when his copartner was sued in his individual capacity he

could allege and prove that the obligation was that of a partnership and not of an individual.

*Cooper v. Bank,* 9 Colo. App. 169, is relied upon by the appellee as being conclusive in this case because there it was held that the trial court erred in ordering, upon the application of the defendants, that Cooper, an indorsee of a promissory note, should be made a party defendant. The ground for the application in that case was that at the time of the making of the note there was an agreement between Cooper and the makers of the note that each should pay his proportionate share of the debt. It was held that the trial court erred in making Cooper a defendant, but this seems to have been based largely upon the ground that section 13 of the code provided that persons jointly or severally liable upon promissory notes may all or any of them be included in the action at the option of the plaintiff, and that as the plaintiff did not see fit to make Cooper a defendant, it was beyond the power of his codefendant to have him brought in. That case rests upon an entirely different theory from this one. There the obligation was joint and several and here the obligation is joint and, as we have hereinbefore stated, a joint obligation will not support a judgment in an action brought against but one of the joint obligors.

As to the question of the liability of the defendant for the rent, after the expiration of the term provided in the lease, this would seem to depend upon the matter of fact as to whether the lease was assigned to Kroeger, or whether he was a sublessee of the original lessees. Lessees are liable for the rent of leased premises after the expiration of the term so long as they occupy them, and it seems that this is true as to their subtenants; but, if the lease is assigned with the knowledge and acquiescence of the

lessor, then the liability of the original lessee terminates with the term provided for by the lease.

The record before us is not clear as to whether this was an assignment of a lease or a subletting, and, should this action be again tried, this matter can then be determined in accordance with the foregoing doctrine; but, for the error of the court in discharging Tanquary as a party defendant, and in the rejection of the testimony offered to prove the contention made by defendant that this was a partnership debt instead of a personal one, the judgment must be reversed and remanded.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.