CHARLES H. LEONARD, APPELLANT, v. SPICER MANU-FACTURING COMPANY, RESPONDENT.

Submitted October 29, 1926—Decided October 17, 1927.

1. Generally, if a tenant hold over after the expiration of an estate for years, with the consent of the landlord, he becomes a tenant from year to year.
2. Such consent may be actual or constructive, express or implied; and is often evidenced by payment and unconditional acceptance of rent.
3. *Semble*, that if there be an option to tenant to renew for a specified term, the holdover with payment and unconditional acceptance of rent will create a tenancy for the specified term.
4. Tenant, under a lease containing an option to renew for three years, held over without objection from the landlord, and vacated after one month, tendering payment for that month, which landlord refused, claiming tenant had exercised the three years' option. *Held*, that landlord was not entitled to recover on the theory of a tenancy from year to year.

On appeal from the Supreme Court.

For the appellant, *McDermott, Enright & Carpenter.*

For the respondent, *Francis A. Gordon.*

The opinion of the court was delivered by

PARKER, J.   The suit is by a landlord against his former tenant, who held over after expiration of the term fixed in the written lease, vacating within a month thereafter. The trial court allowed a recovery for certain repairs made by

the landlord which the tenant had covenanted to make, and which are not now in question; also for one month's rent on the theory of use and occupation, but nonsuited as to any further recovery for rent, and it is alleged that such nonsuit was error.

The term was from July 15th, 1919, for two years, at an annual rent of $7,000, payable quarterly in advance on the 15th day of July, October, January and April. The lease contained an option to the tenant "to renew this lease for a further period of three years upon the same covenants and agreements; * * * provided, however, the [tenant] gives to the [landlord] written notice of its intention to exercise said option at least three months prior to the termination of this lease."

. The complaint was in three counts. The third related to the claim for repairs and is now out of the case. The first claimed rent for three years as on a renewal under the option. This was withdrawn at the trial. The second count, which was pressed, claimed a year's rent on the theory that defendant had become a tenant from year to year. The court nonsuited on this count, but, as already stated, permitted a recovery of a month's rent as for use and occupation.

We concur in the view of the trial court that there was no case for the jury under the second count. The facts, taken most favorably for the plaintiff, are that on April 6th, 1921, plaintiff wrote defendant enclosing bills for rent, and stating that the lease would expire "unless you decide to avail yourself of the option of the further term of three years. Will you kindly advise me at once of your decision in the matter * * *." Defendant's reply ignored the point, and matters dragged along in this shape over the day of expiration, July 15th, and until August 6th, when plaintiff wrote defendant about some contemplated improvements, and defendant replied August 16th, intimating that it had held over by "mistake in reading the time of expiration of our lease," and stating that the premises had been vacated, enclosing check for one month's rent, and tendering the keys, to which plaintiff replied the next day returning the check and claiming that the holding over amounted to an exercise

of the option of renewal for three years; defendant replying on August 22d denying this, and making the point that its silence was not an exercise of the option.

The question whether this state of facts connoted the exercise of an option to renew for three years, is not before us, because the count on that score was expressly withdrawn. The sole remaining question, therefore, is whether a letting from year to year can be inferred; if not, the judgment must be affirmed.

In *Den* v. *Adams,* 12 *N. J. L.* 99, 100, Chief Justice Ewing said: "As a general rule, where the term is for a fixed period of time, and the period has expired, the tenancy is determined, and the landlord may immediately maintain an ejectment to recover the possession.

"When the tenant, whose term has expired by efflux of time, instead of quitting the premises, as he ought to do, remains in possession, holding over as it is called, he is a wrong-doer, and may be treated as such by the owner, his landlord. By the consent of his landlord his tenancy may be continued, and if such continuance by consent be without any fixed limit, he becomes a tenant from year to year, as it is called. This consent may be either express or implied; actual or constructive; by words or by some act recognizing or treating him as a tenant. But without a new contract, or some act on the part of the landlord from which a renewal of the contract may be implied, the person in possession continues a wrong-doer, * * *."

This rule has been consistently followed. *Stanley* v. *Horner,* 24 *N. J. L.* 511, 512; *Moore* v. *Moore,* 41 *Id.* 515, 517; *Condon* v. *Barr,* 47 *Id.* 113; *Yetter* v. *King Confectionery Co.,* 66 *Id.* 491. The question in any particular case will be, What is evidence of the landlord's consent? Usually it is the fact of holding over coupled with the unconditional acceptance of rent, as in *Maier* v. *Champion,* 97 *Id.* 493, in this court. The above cases all relate to a general holding over without an option of renewal. In *Straus* v. *Robbin,* 4 *N. J. Mis. R.* 631, the Supreme Court considered that where there is an option to renew and a holding over with payment and acceptance of rent, this is evidence of an

exercise of the option of which the landlord may take advantage, although no notice had been given. This point, as already noted, is not before us, as it was taken off the record. What we have is a simple holdover, an assumption by the landlord that this was the exercise of the three years' option; vacation by the tenant with tender of a month's rent for actual occupancy; repudiation of this by the landlord and the assertion of a claim of a three years' renewal. Here is no evidence of a general consent to continued occupancy with acceptance of rent. On the contrary, the rent was neither tendered nor accepted on a year-to-year basis, *i. e.*, quarterly as provided in the lease; it was tendered for the month of actual occupancy and rejected by the landlord; and the consent was expressly predicated on a renewal for three years. It should be quite obvious, therefore, that the case is destitute of evidence that at any time there was a consent of the landlord to a general holding over so as to support a tenancy from year to year. This being the sole theory of the case at the time of the judicial ruling complained of, it follows that there was no error in that ruling, and the judgment is, accordingly, affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, DEAR, JJ. 12.

*For reversal*—None.