No. 15,519.

SINCLAIR REFINING COMPANY *v.* SHAKESPEARE ET AL.
(175 P. [2d] 389)

Decided December 9, 1946.

Mr. ROGER B. JONES, Mr. W. W. PLATT, for plaintiff in error.

Mr. MERLE M. MARSHALL, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error, as tenant, occupied certain premises owned by defendants in error, herein designated as landlord, or plaintiffs, under written lease for a term

of five years at a rental of fifty dollars per month. Prior to the expiration of the term of the lease an extension agreement was executed by the parties whereunder the tenant held possession for a further term of five years at the same rental. Thirty-three days prior to the expiration of the extended term the tenant wrote the landlord, allegedly as required by order of a government agency, announcing its intention to remove all the equipment on the premises after thirty days and offering the landlord the privilege of purchasing the same within that time. The latter promptly replied, asking for a list of the equipment and the sale price, to which request the tenant made no answer. The tenant paid rent through the full term of its extended lease and thereafter continued in possession through a subtenant for a further period of three months. A few days after the end of the second month of tenant's holding over, the landlord wrote the tenant advising that since it had failed to deliver up possession or remove its subtenant or its property, the landlord elected to treat it as a holdover tenant for a term of five years and requested payment of three months' rental as then due. In response to this letter, tenant's attorney wrote denying that holding over was intended, denying the right to extend for a term of five years, and claiming that his client held as a tenant at will. To this answer the landlord replied, declaring election to stand on the notice in the prior letter and to hold the tenant "liable for all rentals due under the terms of the lease." During the fourth month the tenant vacated said premises, gave notice of election to terminate any tenancy at the end of that month, and later tendered rental for the four months' period.

By the complaint and supplemental complaint filed after one year from the date of expiration of the lease, landlord sought to recover rental for one year as then due, alleging that defendant continued and remained in the possession of the leased premises whereby it elected to continue its tenancy for another term, upon the same

terms and at the same rent payable as under the former agreement. The trial court awarded judgment to landlord for one year's rental in the sum of $600.00, and further entered a declaratory judgment that the defendant was a hold-over tenant for another term of five years by election of the plaintiffs; holding, "that when such election was made a new term, with the same duration, the same rent, the same covenants and conditions, arose by operation of law."

We need consider only two of the grounds upon which reversal is here sought:

First, that the court erred in determining that by holding over defendant became a tenant for a further term of five years, for the reason that a tenant holding over after the expiration of a lease for a year or more with the assent of the landlord becomes a tenant for an additional term of one year, but no longer.

Second, that by the attempt of the landlord to hold the tenant to a five-year term instead of a one-year term, landlord never assented to a holding over by the tenant for any new term recognized by law, and the holding over consequently created a tenancy at will or from month to month which was terminated by defendant upon its vacation of the premises and serving of notice of termination at the end of four months so that, as urged, the judgment should not exceed $200.00.

As to the first contention, the rule was long ago stated by our court in *Hurd v. Whitsett*, 4 Colo. 77, 82: "And where a tenant for a year or for years holds over after the expiration of his term, with the assent of his landlord, the holding is implied to be from year to year. But where the term is for a shorter period than a year, according to the current of authorities, both English and American, the holding over is implied to be for a like term, * * *." In that case the original lease was for one year only, but the rule was correctly stated as to leases for a longer term as seems to be almost universally declared both in the textbooks and opinions. *Conway v.*

*Starkweather,* 1 Den. (N.Y.) 113; *Weber v. Powers,* 213 Ill. 370, 72 N.E. 1070; 68 L.R.A. 610; *Thiebaud v. First Nat. Bank,* 42 Ind. 212; *Brown v. Kayser,* 60 Wis. 1, 18 N.W. 523, Case Note 25 L.R.A. (N.S.) 855.

▮ As to the second contention, it is urged: (a) That the court erred in adjudging tenancy for any term greater than from month to month, for the reason that it was not within the issue formed by the pleadings. Assuming that the complaint is technically deficient in failing to allege the election and consent of the landlord to hold the tenant as under a continuing lease, rather than as a trespasser, such failure cannot now avail for the reason that the stipulation of facts upon which the case was tried embraces that issue; the complaint was not challenged in the trial court for such deficiency; that had it been so challenged, opportunity to amend doubtless would have been afforded, and under our rule 15 (b) R.C.P. Colo., the issue must now be treated in all respects as if it had been raised in the pleadings.

▮ It is urged, (b) that the rent paid is the criterion of the term of the tenancy created by holding over, and that the rent period reserved under the lease was a monthly rental. While there are cases so holding, the majority rule is that, where the lease is for a definite term of one year or more, the holding over constitutes a tenancy from year to year. It is only in the absence of express agreement as to the term of the lease that the reservation of rent and its payment at stated periods becomes a criterion by which to determine the duration of the term. In this jurisdiction the majority rule has been followed. *Zippar v. Reppy,* 15 Colo. 260, 25 Pac. 164; *Hallett v. Barnett,* 51 Colo. 434, 118 Pac. 972; Annotations 108 A.L.R. 1464.

▮ It is urged, (c) that a tenancy from year to year did not result, for the reason that landlord did not at any time, after the holding over, accept the tenant other than for a period of five years, and that the tenant has never admitted that its term as a tenant holding

over was for a period greater than that of a tenant at will or tenant from month to month. The fallacy of that argument is the apparent assumption that the term of the lease upon holding over results from agreement of the parties, when in fact it results in default of agreement, by operation of law. Upon such holding over by the tenant, the landlord may, at his election, hold the tenant as a trespasser or as a continuing tenant. If he holds him as a trespasser, the landlord is entitled to damages for the wrongful holding over, not on the basis of the rental provided by the prior lease, but on the basis of the damage accruing to him by the wrongful holding over. If he holds him as a tenant, the law, not the intent of the landlord, determines the length of the tenancy. "The holding over rests, not upon the former lease, but upon a new contract which the law implies to be for the same time, and upon the same terms with the lease under which the premises were held the preceding year." *Sears v. Smith,* 3 Colo. 287. The question involved is not whether the landlord was informed as to his legal rights and attempted to hold the tenant for the term to which he was legally entitled, but, rather, did the landlord intend to hold the tenant as a trespasser, or as a tenant for a further term? It is not required that the landlord recognize the extent of the new term. Whenever a landlord by tacit acquiescence or positive act evidences his election that his tenant holds over as a continuing tenant, the term results by implication of law. Whether there is such election is a question of fact. In the instant case, the trial court found that the defendant was a hold-over tenant by election of the plaintiffs. The correspondence plainly supports that conclusion. While the tenant was still in possession holding over, the landlord specifically declared the election to treat it as a hold-over tenant for a term of five years. Upon the tenant's denial of right so to hold, the landlord again declared his election to stand on the notice and hold the tenant "liable for all rentals due

under the terms of the lease." Such election having been made, both parties were bound to the term established by law.

In *Leonard v. Spicer Mfg. Co.*, 103 N.J.L. 391, 139 Atl. 15, 55 A.L.R. 284, urged as controlling here, the two-year lease contained an option to the tenant to renew for a further period of three years upon giving notice to the landlord as therein provided. After the tenant had held over a part month and the landlord had written about contemplated improvements, the tenant replied saying it had held over by a mistake as to the time of expiration of the lease and that the premises had been vacated, enclosing check for one month's rent and tendering the keys. These the landlord rejected, claiming that holding over amounted to an exercise of the option of renewal. Under this state of facts, it was considered that the landlord's consent was only to the exercise of the three-year option and that there was no evidence of a general consent to continued occupancy to support a tenancy from year to year. In the instant case, the trial court found that there had been such general consent.

Accordingly, the judgment of the trial court is affirmed, except as to the declaratory portion thereof adjudging that defendant is a hold-over tenant of plaintiffs for another term of five years, and the cause is remanded with instructions to modify such adjudication in accordance with this opinion.

MR. JUSTICE LUXFORD did not participate.