**Frank P. BLAZIS, Plaintiff-Appellee and Cross-Appellant,**

v.

**Robert ORLINSKI, Defendant-Appellant and Cross-Appellee.**

**No. 86CA0263.**

Colorado Court of Appeals, Div. IV.

April 16, 1987.

Thomas E. Jagger, Thomas J. Florczak, Pueblo, for plaintiff-appellee and cross-appellant.

R. Allan Glover, Pueblo, for defendant-appellant and cross-appellee.

HODGES *, Justice.

Frank P. Blazis (lessor) and Robert Orlinski (tenant) both appeal the trial court judg-

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

ment regarding the operation and effect of a lease of certain commercial premises. We affirm in part and reverse in part.

The parties entered into a lease for a term of four years, from November 1, 1978, to October 1, 1982. The initial monthly rent was made subject to annual periodic adjustments based upon fluctuations in the consumer price index. Effective November 1, 1979, lessor notified tenant that the rent would be increased, but, as the parties stipulated before the trial court, the increase was less than it could have been under the terms of the lease. By letter dated March 16, 1981, lessor again notified tenant of a rent increase to be effective April 1, 1981. Tenant paid the increased rental set by the lessor.

After expiration of the term of the lease, the tenant continued to occupy the premises. By letter of January 18, 1984, the lessor advised the tenant that:

"If we apply the lease provisions ... that would mean an increase of about $82.00. I am really not comfortable with that and feel that about half, or $40.00 would be a reasonable compromise point.

"The new rent figure, then, will be $522.00 per month starting with the February 1, 1984 payment.

"This neither changes nor waives any of the provisions in the lease agreement even though in this case it does deviate somewhat."

The parties stipulated that although the rent adjustments were to be made on a yearly basis, this was not done "because the lessor chose, on his own, not to implement the increases."

The rent as established by the lessor was paid by the tenant through July 1984, at which time he vacated the premises.

The lease provided that if the tenant remained in possession of the premises following the expiration of the term and

"continues to pay rent without any express written agreement as to such holding over, the Lessee agrees that all terms and covenants of the lease shall remain in effect, except that Lessee shall be a tenant from month to month at a monthly rental of $750.00 ($25.00/day)."

The lease further stated that if not otherwise in default,

"Lessee shall, by giving written notice to Lessor at least 90 days before the expiration of the original term, have the right to renew this lease for an additional term of five (5) years upon the same terms and conditions...."

The parties stipulated that at no time did tenant expressly, either orally or in writing, indicate he was exercising his right to renew the lease.

Following tenant's vacation of the premises, lessor, alleging that the lease had been renewed, brought an action for rent for the remaining months of an extended five-year term. Alternatively, lessor claimed that if the lease was not deemed renewed, he was entitled to the balance of rent owing under the higher holdover rate of $750 per month for 21 months of tenant's occupancy beyond the original term. The lessor also sought attorney fees and costs. Tenant denied owing additional rent, denied that the lease had been renewed, and also sought attorney fees and costs.

Upon cross-motions for summary judgment, the trial court found the lease had not been renewed and entered judgment for lessor under his alternative theory of recovery for the difference between rent paid and the higher rent specified by the holdover clause from the expiration of the lease through July of 1984. The court also awarded lessor his attorney fees.

On appeal, lessor argues that the trial court erred in refusing to hold that the lease was, in effect, renewed for an additional five-year period. In support of this argument, he asserts that the tenant's conduct of remaining in possession while paying rent with the approval or acquiescence of the lessor was sufficient, as a matter of law, to extend the term, even though tenant failed to give written notice of intent to renew as provided in the lease, or to give any other indication of an intent to renew the lease for an additional five years. We do not agree.

As a general rule, if a lease specifies that notice is to be given by a particular time in order to exercise an option to renew, the right to renew is lost if the notice is not given within the time prescribed and the lease is terminated. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.*, 633 P.2d 1081 (Colo.1981). A lease containing no provision requiring the lessee to give notice to extend the lease under an option agreement may nevertheless be extended by continuing in possession and tendering rent. *Thomas & Son Transfer Line, Inc. v. Kenyon, Inc.*, 40 Colo.App. 150, 574 P.2d 107 (1977), *aff'd sub nom.*, *Cohen v. Thomas & Son Transfer Line, Inc.*, 196 Colo. 386, 586 P.2d 39 (1978).

Here, while the lease contained specific notice and temporal requirements for the renewal of the lease, it is undisputed that tenant made no attempt to renew. And, giving effect to the plain language of the agreement, *see Regan v. Customcraft Homes, Inc.*, 170 Colo. 562, 463 P.2d 463 (1970), we conclude that the parties intended, by the terms of the holdover provision quoted above, to treat the tenancy as a month-to-month rental if the tenant remained in possession while paying rent at expiration of the term without an express written agreement further fixing or determining the rights of the parties. Consequently, the lessor cannot now avoid the consequences of a contract which plainly envisioned the occurrence of the circumstances present in this case.

The tenant argues that the lessor knowingly set the holdover rent at a lower amount than is specified in the lease and that, therefore, the trial court erred in entering judgment for the lessor for the difference between the $522 holdover rental set by the lessor and the $750 per month rental provided in the lease. We agree.

The record before us demonstrates that the lessor fixed the amount due as rent, accepted that amount without objection, and made no attempt to collect the rental specified by the holdover clause until tenant vacated the premises. A waiver of the holdover rental amount was thus un-equivocally evidenced by the conduct of the lessor and the agreement of the parties to charge and to pay the lesser amount. *See Zarlengo v. Farrer*, 683 P.2d 1208 (Colo. App.1984); *Kimmick v. Santilli*, 42 Colo. App. 341, 596 P.2d 1223 (1979).

Tenant finally objects to the award in favor of lessor for his attorney fees. As the lease was terminated when the option to renew was not exercised, and as the tenant paid all he was required in light of lessor's waiver of the higher rental designated in the lease, there was no breach of the underlying lease or of any month-to-month tenancy obligations which arose at the expiration of the lease term. There being no breach on the part of the tenant, the lessor cannot be allowed his attorney fees.

The judgment of the trial court is affirmed insofar as it held that the lease was not renewed, but is reversed as to its requirement that the tenant must pay any additional rent to the lessor and pay the lessor's attorney fees. The cause is remanded to the trial court with directions to enter a judgment consistent herewith.

VAN CISE and SILVERSTEIN *, JJ., concur.