**MATTAS MOTORS, INC., a Colorado corporation, Plaintiff–Appellee,**

v.

**HERITAGE HOMES OF NEBRASKA, INC., Defendant–Appellant.**

No. 85CA0244.

Colorado Court of Appeals, Div. I.

Dec. 3, 1987.

Traylor, Arnold, Tompkins & Black, Robert Traylor, Grand Junction, for plaintiff-appellee.

Schenk, Kerst & deWinter, William J. deWinter, John R. Schenk, Glenwood Springs, for defendant-appellant.

PIERCE, Judge.

Defendant, Heritage Homes, Inc. (lessee), appeals the judgment entered in favor of plaintiff, Mattas Motors, Inc. (lessor), for arrearages of rent based on a holdover tenancy. We affirm.

In October 1981, lessee entered into a written agreement with lessor for the purposes of subleasing an unoccupied storage lot. The lease agreement called for monthly rental payments of $750, and by its terms, was to expire on October 1, 1982.

After executing the lease, lessee entered the premises and began making certain improvements. Utilities were installed, a foundation was laid, and a modular home was erected. This building served as an office for lessee's authorized dealership, Grand Junction Homes, Inc., which was managed by lessee's agent.

On October 1, 1982, lessee ceased its operations and left the premises without informing lessor. However, no efforts were made to remove the improvements in accordance with the lease. Lessor made numerous attempts to contact lessee's agent in order to determine whether lessee wished to continue the lease but received no reply. Lessor subsequently informed the agent that rental payments were in arrears from the time the lease expired. Lessee acknowledged the arrearages and made rental payments through January 1983.

At that time, lessee proposed an assignment of the lease to a third party. However, lessor refused to negotiate any such proposal until all rent payments were made current.

Although the lease specifically provided for written consent in order to assign, a third party occupied the premises and began operating its business from the modular home. This third party thereafter made rental payments to lessor, and lessor accepted the payments through March 1983. At that time, the third party ceased its operations and left the premises.

The modular home remained on the property until it was finally removed by lessee in March 1984. Lessor brought this action seeking arrearages of rent for the time lessee occupied the premises through March 1984. As a basis for the damages sought, lessor elected to treat lessee as a holdover tenant for the entire period it occupied the premises. The trial court agreed and awarded lessor the amount of rent which had accrued through March 1984.

## I.

Lessee first contends that the trial court erred in finding that a holdover tenancy existed. We disagree.

When a tenant remains in possession of the premises beyond the expiration of a lease, the landlord may elect to treat him as a holdover tenant. *See Sinclair Refining Co. v. Shakespeare*, 115 Colo. 520, 175 P.2d 389 (1946). Additionally, a tenant may show his acquiescence in the landlord's election by continuing in possession and tendering rent. *See Blazis v. Orlinski*, 738 P.2d 62 (Colo.App.1987).

Here, the record shows that although lessee took some action to vacate the property at the expiration of the lease, it remained in possession of the premises. The modular home occupied the lot well beyond the term of the lease. Furthermore, lessee acknowledged the extension of the lease by tendering rent for several months after the lease had expired. Under these circumstances, we find no error in the trial court's conclusion that a holdover tenancy existed.

## II.

Lessee next contends that, because rent was accepted from a third-party, lessor waived the anti-assignment clause requiring written consent. This argument is unsupported by the record.

Generally, lease provisions requiring written consent may be waived by the actions or conduct of the lessor. *See Werner v. Baker*, 693 P.2d 385 (Colo.App.1984). The lessor's acceptance of rent after the breach of an anti-assignment clause may constitute a waiver of that clause, if the lessor has knowledge of the assignment. *Werner v. Baker, supra.* Thus, acceptance of rent is evidence of a landlord's waiver but is not necessarily conclusive on that issue. *See Sessions, Inc. v. Morton,* 491 F.2d 854 (9th Cir.1974).

The record shows that lessee's agent introduced lessor to the third-party. However, lessor refused to consider an assignment of the lease until rent payments were brought current. Lessor also presented testimony that thereafter lessee's agent informed lessor that the third party would be making payments on lessee's behalf. Accordingly, the trial court could properly conclude that lessor did not waive the anti-assignment clause by its conduct. *See Sessions, Inc. v. Morton, supra.*

### III.

Lessee's final contention is that the trial court erred in awarding rent through March 1984, when the modular home was finally removed. Specifically, lessee contends that because the lease, by its terms, expired on October 1, 1982, and the length of a holdover tenancy is generally one additional term, lessee is responsible only for rent accruing until October 1, 1983. This argument is without merit.

When a tenant remains in possession of leased property beyond the expiration of the lease, the landlord may elect to treat the tenant as a trespasser or as a continuing tenant. *Sinclair Refining Co. v. Shakespeare, supra.* If the landlord holds the tenant to a continuing term, the length of the tenancy is determined by operation of law. *Sinclair Refining Co. v. Shekespeare, supra.* Generally, the length of the hold over is implied to be for a like term. *Hurd v. Whitsett,* 4 Colo. 77 (1878).

However, Lessee fails to recognize that a holdover tenancy is based upon continued possession of the premises beyond the expiration of the lease. *See Blazis v. Orlinski, supra.* Thus, a tenant is liable for rent so long as he occupies the property. *See Erskine v. Russell,* 43 Colo. 449, 96 P. 249 (1908).

In this case, lessee agrees that the modular home occupied the premises until March 1984. It further acknowledges the fact that it owned the modular home at all times. Furthermore, there is no evidence that lessee was prohibited from removing the building at any time prior to March 1984. Under these circumstances, there was no error in the trial court's award of rent.

### IV.

Lessee's remaining contentions regarding the construction of the notice provision and the trial court's award of attorney fees are without merit.

Judgment affirmed.

METZGER and CRISWELL, JJ., concur.