**TANKTECH, INC., a Colorado corporation, Plaintiff–Appellant,**

v.

**FIRST INTERSTATE BANK, Defendant–Appellee.**

No. 90CA2054.

Colorado Court of Appeals, Div. IV.

June 4, 1992.

Rehearing Denied Oct. 15, 1992.

Certiorari Granted April 26, 1993.

Horowitz & Berrett, P.C., Jay S. Horowitz, Kim E. Ikeler, Denver, for plaintiff-appellant.

Burg & Eldredge, P.C., David P. Hersh, Denver, for defendant-appellee.

Opinion by Judge DUBOFSKY.

Plaintiff, Tanktech, Inc., appeals from a directed verdict entered in favor of defendant, First Interstate Bank (Bank), on its contract claim against Bank and from a jury verdict in favor of Bank on Tanktech's negligence claim. We reverse and remand with directions.

Tanktech is a business that was formed several years ago in order to develop a device for electronically measuring leaks in underground storage tanks. In May 1987, it leased space in a building owned by D & E Investment Company (D & E). The lease provided, *inter alia*, that the lessor was required to:

> keep all structural portions of the building, roof, and mechanical, electrical and plumbing systems in good order and repair, at its cost and expense.

The lease also stated that it was binding on the parties, their personal representatives, successors, and assignees.

Shortly after Tanktech agreed to this lease, D & E's right to rental payments was assigned to Bank. D & E defaulted in making its mortgage payments to Bank, and as a consequence, Bank foreclosed on the property and thereby obtained title to the building at a public trustee foreclosure sale.

For seven months after Bank obtained title to the building, Tanktech made, and

Bank accepted, the same monthly rental payments that were owed under the lease. In February 1989, a water pipe at the building ruptured, severely damaging Tanktech's inventory, manufacturing, and computer equipment, and other goods.

In March 1989, Tanktech filed this lawsuit charging Bank with breach of contract and negligence. Tanktech alleged that Bank breached the contract by failing to comply with the express provisions in the lease requiring Bank to maintain the building's plumbing in good working order. Tanktech also claimed that Bank was negligent because it breached its duty of reasonable care in maintaining the premises by failing to provide heat to the hallway in which the pipe was located which, in turn, caused the pipe to fracture and the water to spill.

The trial court granted Bank's motion for directed verdict on Tanktech's contract claim. The negligence claim was submitted to a jury which found in favor of Bank.

## I.

Tanktech argues that the trial court erred in granting Bank's motion for directed verdict on the contract claim. We agree.

In granting Bank's motion for directed verdict, the trial court found that, since there was no evidence of an express agreement between Tanktech and Bank to continue the prior lease, Tanktech's breach of contract claim was deficient as a matter of law.

Tanktech argues that we should apply the principles applicable to the landlord/tenant holdover doctrine and, on that basis, determine that there was an implied lease arrangement in effect between Tanktech and Bank after the foreclosure.

A holdover tenant is one who remains in possession of premises beyond the expiration of the lease. *Fibreglas Fabricators, Inc. v. Kylberg*, 799 P.2d 371 (Colo. 1990). If a tenant holds over, a landlord may, at his election, treat the tenant as a trespasser or as a continuing tenant. *Sinclair Refining Co. v. Shakespeare*, 115 Colo. 520, 175 P.2d 389 (1946). A landlord who accepts payment of rent at the expiration of a lease without renouncing the prior agreement can be found by operation of law to have agreed to the terms of the original lease. *Ochsner v. Langendorf*, 115 Colo. 453, 175 P.2d 392 (1946).

Bank argues, however, that we should not apply these concepts here because the termination of the tenant's lease by foreclosure pursuant to § 38–39–106 and § 38–39–110, C.R.S. (1982 Repl.Vol. 16A), and the creation of a new landlord make this situation significantly different than a traditional landlord/tenant "holdover." Bank contends that these factors kept an implied contract from arising between Tanktech and Bank as a matter of law.

We agree with Tanktech that the above stated principles from landlord/tenant holdover law are applicable here and that there was sufficient evidence of an implied lease between Tanktech and Bank so that the holdover lease issue should have been submitted to the jury. In reaching this conclusion, we adopt the majority rule which holds that an implied lease based on the terms of an earlier pre-foreclosure lease may be created if, as here, the property owner/landlord accepts monthly payments from the tenant and does not renounce the prior agreement. *Reilly v. Firestone Tire & Rubber Co.*, 764 F.2d 167 (3rd Cir.1985); *Hackney v. Griffin*, 244 Ala. 360, 13 So.2d 772 (1943); *Curry v. Bacharach Quality Shops*, 271 Pa. 364, 117 A. 435 (1921); *United General Insurance Agency of Midland, Inc. v. American National Insurance Co.*, 740 S.W.2d 885 (Tex.Ct.App.1987); *Carlson v. Curran*, 42 Wash. 647, 85 P. 627 (1906). *But see Roosevelt Hotel Corp. v. Williams*, 227 Mo.App. 1063, 56 S.W.2d 801 (1933).

The legal principles that lead to the result reached in the above cases are the same as those stated in Colorado's landlord/tenant holdover cases. *See Sinclair Refining Co. v. Shakespeare, supra; Hallett v. Barnett*, 51 Colo. 434, 118 P. 972 (1911); *Fibreglas Fabricators, Inc. v. Kylberg, supra*. Thus, we perceive no basis

for applying a different rule merely because of an intervening foreclosure.

We therefore conclude that the trial court erred in dismissing Tanktech's contract claim on the grounds that Tanktech failed to prove a new express agreement between it and Bank.

We also agree with Tanktech's argument that the trial court erred in deciding, as a matter of law, other factual matters that pertain to the dealings between Tanktech and Bank.

■ In deciding the motion for directed verdict, the trial court must consider every reasonable inference from the evidence in a light most favorable to the opponent of the motion. A directed verdict may be granted only if the evidence compels a conclusion that the minds of reasonable people could not be in disagreement. *Romero v. Denver & Rio Grande Western Ry. Co.*, 183 Colo. 32, 514 P.2d 626 (1973).

■ Here, we agree with Tanktech that there was conflicting evidence as to whether Bank was aware of the lease and its terms prior to the flood, and therefore, this factual matter must be presented to the jury for resolution. We also agree that there is a factual dispute about certain conversations between representatives of Tanktech and Bank concerning the rental payments and that on retrial this matter should also be submitted to the jury for resolution.

## II.

Tanktech next argues that the trial court also erred by not admitting the written lease into evidence for jury consideration as part of its negligence claim. We agree with Tanktech that, if the jury determines there was an implied contract between it and Bank, then the pertinent terms of the written contract may, if not otherwise precluded, be relevant to the negligence claim.

On appeal, the issue of whether the existence of a valid contract precludes a separate negligence claim was not argued; therefore, we assume, without deciding, that the existence of the contract claim does not preclude the negligence claim.

*See Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041 (Colo.1983); *Consolidated Hardwoods, Inc. v. Alexander Concrete Construction, Inc.*, 811 P.2d 440 (Colo. App.1991); *Jardel Enterprises, Inc. v. Tri Consultants, Inc.*, 770 P.2d 1301 (Colo. App.1988).

■ If the contract claim does not preclude the negligence claim, those contract provisions which state the responsibilities of the parties in the pertinent contested areas of a negligence suit are admissible to assist the jury in determining the proper standard of care to apply in judging the alleged tortfeasor's conduct. *See, Waterway Terminals Co. v. P.S. Lord Mechanical Contractors*, 242 Or. 1, 406 P.2d 556 (1965) (in a negligence action by owner against prime contractor, sub-contractor, and sub-sub-contractor for fire damage, it was error not to permit the jury to consider contract provisions bearing on the standard of care). *See also Williams v. Tillett Bros. Construction Co.*, 319 F.2d 300 (6th Cir.1963); *Arkansas Machine & Boiler Works v. Morehead*, 136 Ark. 18, 205 S.W. 980 (1918); *Foster v. Herbison Construction Co.*, 263 Minn. 63, 115 N.W.2d 915 (1962); *Pinnix v. Toomey*, 242 N.C. 358, 87 S.E.2d 893 (1955); *Briscoe v. Worley*, 208 Okl. 60, 253 P.2d 145 (1952); *Larson v. Heintz Construction Co.*, 219 Or. 25, 345 P.2d 835 (1959); *Colton v. Foulkes*, 259 Wis. 142, 47 N.W.2d 901 (1951).

■ Furthermore, a contract clause should also be admitted in a negligence case as evidence if the clause is relevant to a dispute between the parties concerning matters of responsibility, possession, and control. *Donovan v. General Motors*, 762 F.2d 701 (8th Cir.1985).

At the trial, the lease was not admitted into evidence, and the jury determined Bank was not negligent. If, on retrial, the jury determines there was not an implied lease at the time of the incident, the terms of the lease would be irrelevant to the negligence claim. Therefore, judgment must again enter for Bank on that claim.

## III.

■ Because it may arise again on retrial, we address, and disagree with, Tanktech's contention that the trial court erred in rejecting its tendered instruction.

Here, the trial court's negligence instruction stated:

> The owner of premises has a duty to use reasonable care to maintain the premises in a reasonably safe condition in view of the foreseeability, if any, of injury to the person or property of others.

In *Mile High Fence Co. v. Radovich*, 175 Colo. 537, 489 P.2d 308 (1971), the court held that a person in managing his property should act as a reasonable person in view of the foreseeability of injury to others and not give *determinative* weight to the injured party's status on the property in deciding the proper degree of care owed to that party. In *Mile High*, however, the court also stated that a person's status *may* be considered as a factor bearing on whether the defendant acted reasonably.

Tanktech primarily claims that the court's negligence instruction was inadequate because it failed to state that the jury should consider Tanktech's status as a tenant in deciding if Bank acted unreasonably. We agree with Tanktech that an appropriately drafted instruction which indicates that a party's status is a legitimate *factor* for consideration by the jury may be given, *see Mile High Fence Co. v. Radovich, supra,* but the failure to instruct on this point is not reversible error. *See Woolsey v. Holiday Health Clubs & Fitness Centers, Inc.,* 820 P.2d 1201 (Colo. App.1991).

The judgment is reversed, and the cause is remanded for new trial on both the contract and negligence claims.

CRISWELL and MARQUEZ, JJ., concur.